Bruker *v.* The Town of Covington.

---

BRUKER *v.* THE TOWN OF COVINGTON.

CONTRIBUTORY NEGLIGENCE.—*Obstruction in Sidewalk.*—*Knowledge of Obstruction.*—*Damages.*—*Town.*—Where a party knows of the existence of an open cellar-way in a sidewalk and attempts to pass the place in the night, he will be considered as taking the risk upon himself, even if, at the time, he has forgotten the existence of the obstruction ; and, if he re-

69    33
143   423

69    33
147   321

69    33
160   275
69    33
164   578

69    33
165   367

ceives injuries from falling into such cellar way, he is guilty of contributory negligence and can not recover damages.

SAME.—*Instruction.*—An instruction to the jury in such case, embodying the above doctrine, is applicable, whether the obstruction be total or only partial.

From the Fountain Circuit Court.

*W. A. Tipton, S. F. Wood, L Nebeker* and *S. M. Cambern,* for appellant.

*H. H. Dochterman* and *T. L. Stillwell,* for appellee.

NIBLACK, J.—The complaint in this case charged that, prior to the 7th day of March, 1877, a deep and dangerous cellar way or hole had been excavated in the sidewalk on the north side of Liberty street, a public street within the limits, and under the jurisdiction and control of the defendant, the Town of Covington; that, for a long time previous to and up to and including that time, such cellar way or hole had been permitted to remain open and exposed, and without protection or notice to travellers along and upon said street, of all which the defendant had notice; that, on the night of the said 7th day of March, 1877, the plaintiff, John Bruker, was lawfully walking along and upon said sidewalk unaware of danger, and, without any fault or negligence on his part, was accidentally precipitated into said cellar way or hole, whereby he was greatly injured, and his right wrist had become stiffened and permanently disabled.

The defendant answered in general denial. A trial by a jury; verdict for the defendant; motion for a new trial; and judgment on the verdict.

On the trial there was evidence tending to show that the excavation complained of was an old cellar way to a building near by, and ran parallel with the sidewalk; that there was a stone wall about eighteen inches high between the cellar way and the sidewalk, except at the east end of the cellar way, where there had been some steps; that the

place where the steps had been was filled up with cinders and ashes even with the sidewalk.

The plaintiff, among other things, testified that he had resided in the town of Covington since the 4th day of July preceding his injury; that he had seen the cellar way once or twice; that he had passed along the sidewalk adjoining it two or three times without observing it very closely; that he had passed along the opposite side of the street quite frequently; that he had gone on the opposite side because he regarded the sidewalk passing the cellar way as a bad sidewalk; that at the time of the accident he did not have the cellar way in his mind; that the night on which the accident occurred was very dark.

Other witnesses testified to having frequently seen the plaintiff on the street near the cellar way.

The court instructed the jury as follows:

"1st. If the plaintiff knew the opening or cellar way was in the sidewalk, and he attempted to pass the place where it was, when, in consequence of the darkness of the night, he could not see it, he has no legal reason to complain of the injury he received on account of the fact that the opening or cellar way was there. In such cases he must be treated as having taken the risk upon himself, and this too although at the time the fact of the existence of the opening was not present to the plaintiff's mind.

"2. If the cellar way was an open one, and the plaintiff knew its location, and that it was an open one in the sidewalk, he must be held to know that there was danger of falling in it when passing the place in a dark night, and he can not recover, if, with knowledge of the existence of the opening described in the complaint, he attempted to pass it in a dark night, and in such attempt was injured by falling into it."

The giving of these instructions was assigned as one of the causes for a new trial, and the objections urged to

them by the appellant constitute the only questions discussed by him in his argument in this court.

The appellant objects to the instructions complained of because,

First. He insists that his failure to remember the existence of the cellar way did not amount to contributory negligence;

Second. To make a disregard of his previous knowledge contributory negligence, it was necessary to show that he had, also, knowledge of the dangerous condition of the cellar way;

Third. The obstruction being only a partial one, the doctrine of the instructions does not apply, because it takes the question of negligence from the jury. A distinction exists between a total obstruction and only a partial one. In case of total obstruction, the court is allowed to pronounce upon the question of negligence, whereas, when a partial obstruction only is shown, the question of negligence is to be determined by the jury.

In the case of *The President, etc., of the Town of Mt. Vernon* v. *Dusouchett*, 2 Ind. 586, it was, in substance, decided that if a person knows there is an obstruction in a street, and he attempts to pass the place, when, in consequence of the darkness of the night, or other hindering cause, he can not see the obstruction and runs upon it, he has no reason to complain of the injury he may sustain. In such a case he takes the risk on himself. In other words, that a disregard of the knowledge of the existence of such an obstruction, by which an injury results, amounts to contributory negligence.

That case has been approved in principle and followed by this court in numerous cases, and the rule recognized by it as to contributory negligence may be regarded as the settled law of this State. *The Toledo, etc., R. W. Co.* v. *Goddard*, 25 Ind. 185; *Riest* v. *The City of Goshen*, 42 Ind. 339;

*Jonesboro, etc., Turnpike Co.* v. *Baldwin,* 57 Ind. 86 ; *The City of Indianapolis* v. *Gaston,* 58 Ind. 224 ; *The Pennsylvania Co.* v. *Sinclair,* 62 Ind. 301. See, also, *Moore* v. *Inhabitants of Abbott,* 32 Me. 46 ; *Alger* v. *The City of Lowell,* 3 Allen, 402 ; *Wilson* v. *The City of Charlestown,* 8 Allen, 137 ; *Gilman* v. *Inhabitants of Deerfield,* 15 Gray, 577 ; Dillon Municipal Corporations, sec. 789.

To sustain the defence in this case, it was sufficient to show that the plaintiff had knowledge of the obstruction. Having such knowledge, it was for the plaintiff to judge for himself as to the dangerous character of the obstruction, and take the risk accordingly if he ran upon it.

We are not aware of any such distinction between a total obstruction and a partial one only, as insisted upon by the appellant. No authority has been cited recognizing any such distinction, and we know of no such authority. We think that the instructions complained of are well sustained by the authorities cited above in this opinion, and other analogous cases which need not be here referred to.

The judgment is affirmed, with costs.