## MOSES PITTMAN v. THE CITY OF EL RENO.

1. CONTRIBUTORY NEGLIGENCE. If a person knows there is a dangerous place in a sidewalk, and he attempts to use the walk, and in consequence of the darkness of the night or by reason of weakened eyesight, he is unable to accurately determine the exact location of the point of danger, he has no reason to complain of any injury he may sustain by reason of the fact that he was unable to cross the dangerous place in safety.

2. SAME—*Judge to Declare the Law.* Under the Code of 1890, in an action brought, founded on a claim of damages, by reason of injury received on account of a defect in the sidewalk. where, at the conclusion of the testimony for the plaintiff, the defendant tendered a demurrer, and where, under the facts as established by plaintiff's evidence, it clearly appeared that the plaintiff was guilty of contributory negligence, *held,* that it was the duty of the judge of the trial court to say. as a matter of law, whether or not, under the conceded facts, the plaintiff was guilty of contributory negligence, and further *held,* that, where such facts showed contributory negligence, it was the duty of the trial judge to sustain the demurrer.

### Petition for Rehearing.

Defendant in error filed its petition for a rehearing, and the same was granted at the June sitting of this term.    The material facts are stated in the former opinion, 2 Okla. 414, 37 Pac. 851, and in this opinion.

*Forrest & Gunn, E. E. Blake* and *W. H. Criley,* for plaintiff in error.

*D. W. Talbot, John I. Dille* and *John Schmook, Jr.* for defendants in error.

The opinion of the court was delivered by

DALE, C. J.: Upon petition for rehearing, the proposition is forcibly presented that this court, in its former opinion, failed to reach a correct conclusion upon the primary question involved in this case. This case arose under the Code of 1890. At the conclusion of the plaintiff's testimony, the defendant filed a demurrer and tendered all the evidence. The trial court sustained such demurrer, and the sole question before us is the ruling upon the demurrer. The facts as set forth in the former opinion are correct, and, summarized, may be stated as follows.

The plaintiff in error resided in the city of El Reno, and at the time of the accident was seventy-four years old. Six months prior to the date when he received the injury, he was walking by the place where he was injured, saw the dangerous character of the walk, and called attention to such danger, and pointed it out to his companion as a place where a man was likely to step into and kill himself. He saw the defect almost every day from the time he first noticed it until he was afterwards injured. It was dark at the time of the accident. His eyesight was dim. The dangerous place extended across the full width of the sidewalk. At the time of the accident he had in mind the defective place in the walk, its exact location, and its dangerous condition, and was watching for such defective place at the time the injury was received. The defect in the sidewalk consisted in an offset in the walk of about ten inches, and a space of eight or ten inches at the place where the lower abutted on the upper walk was open, not covered by a board. To use the language of the plaintiff will best show the condition of the sidewalk and the exact manner in which the injury occurred.

" There was an offset in the sidewalk there of probably some ten inches and down here at the lower part there was about eight inches without a board. I caught the low board with my toe, and missing the high board, it being a dark night, and me watching for it, it being after night, and the light shining through the doors and windows. I could not see it, knowing that the place was there and stepping clear over it. I caught the low part with my toe which throwed the whole of my body back on the calf of my leg and which crushed the calf of my leg."

And in another place he says:

"The light was shining out of the doors and windows there, making the streets dark in some places and in other places making it light, and I was looking for that place there as I knew where it was but happened to miss it and I stepped clear over it."

Further on in his testimony, after stating when and under what circumstances he first obtained a knowledge of the condition of the dangerous character of the sidewalk, the following questions and answers were asked and given:

" Ques. When did you next see that place? Ans. I moved to town on the 20th or 21st of March, 1892.

"Q. When did you next see this hole. A. Every day.

"Q. You passed along there every day? A. Yes, sir, I passed there every day. I cannot say I passed it every day, but practically, every day.

"Q. You always noticed it as you went along? A. Yes, sir.

"Q. You knew all of this time the condition of the sidewalk? A. Certainly, and I was watching for it the very night I got hurt."

The extracts here set forth will convey a clear understanding of the question brought before the trial court, raised on the demurrer. As a proposition of law, was

the plaintiff guilty of such contributory negligence as to prevent his recovery? Upon the demurrer being interposed, it then devolved upon the court to announce the law as applicable to all the facts established, or reasonably inferrable from the facts proved.

Negligence is a mixed question of law and fact. When the evidence is conflicting, the question of fact should be submitted to the jury; but where there is no dispute as to the fact, it is then a question of law for the court. (*City of Indianapolis v. Cook*, 99 Ind. 14; *Town of Gosport v. Evans*, 112 Ind. 133.)

The court was therefore bound to determine, as a matter of law, raised by the demurrer, whether or not the plaintiff, *per se*, was guilty of contributory negligence. The law of negligence, it may be safely stated, is a proposition which gives the court more trouble in accurately defining, than does any other question in the realm of the law. In almost every case where damages are sought from a municipal, or other corporation, for personal injuries received, the defense is contributory negligence. In general, it may be stated that the term contributory negligence is well understood, but in the application of the law to a given state a facts, great difficulty is experienced. In almost all cases we find the facts and the law so closely intermingled that it frequently becomes very hard to determine when the questions involved are matters of fact for a jury or questions of law for the court. And perhaps it is well to say that, while general principles may be applied from which legal conclusions may be drawn, yet each case involving the question of contributory negligence must be determined in the light of the facts and circumstances surrounding that particular case. The authorities are very numerous and so much at variance that it would be unprofitable to

attempt to classify or review them.   But inasmuch as the Code of 1890 came from Indiana, and our climatic and other conditions are somewhat similar, we have given the law, as announced by the supreme court of that state, great weight.   Very many cases have been decided in that state wherein the law of contributory negligence was involved.   The first case which we note is, *President, etc. v, Dusouchett*, 2 Ind. 586, wherein the court lays down the following rule:

"If a person knows there is an obstruction in a street and he attempts to pass the place, when, in consequence of the darkness of the night, or the rise of water over the street, he cannot see the obstruction, he has no reason to complain of the injury he may receive on that occasion. He takes the risk in such case upon himself."   (Citing *Farnum v. Town of Concord*, 2 N. H. 392.)

In *Bruker v. The Town of Covington*, 69 Ind. 33, the rule is further discussed upon instructions given to the jury by the trial court, which instructions read as follows:

"1.   If the plaintiff knew the opening in the cellar-way was in the sidewalk, and he attempted to pass the place where it was, when, in consequence of the darkness of the night, he could not see it, he has no legal reason to complain of the injury he received on account of the fact that the opening or cellar-way was there.   In such case he must be treated as having taken the risk upon himself, and this, too, although at the time the fact of the existence of the opening was not present to the plaintiff's mind.

"2.   If the cellar-way was an open one, and the plaintiff knew its location, and that it was an open one in the sidewalk, he must be held to know that there was danger of falling in it when passing the place in a dark night, and he cannot recover, if, with knowledge of the existence of the opening described in the complaint, he attempted to pass it in a dark night, and in such attempt was injured by falling into it."

The court approved the instructions as given and stated that it was unquestionably the law, and cite the language above quoted in *President, etc. v. Dusouchett, supra*, and says:

"That case has been approved in principle and followed by this court in numerous cases and the rule recognized by it as to contributory negligence may be regarded as the settled law of this state."

And the opinion concludes as follows:

" To sustain the defense in this case, it was sufficient to show that the plaintiff had knowledge of the obstruction.    Having such knowledge, it was for the plaintiff to judge for himself as to the dangerous character of the obstruction, and take the risk accordingly if he runs upon it."

A large number of cases are cited in support of the doctrine announced in the decision.    In *Toledo, etc., R. W. Co. v. Brannagan*, 75 Ind. 490, with reference to this subject, this language is used:

"It is the duty of the plaintiff to prove, and the right of the defendant, who is charged with negligence causing an injury, that he should prove, by satisfactory evidence, that he did not contribute to the injury by any negligence on his part.    This proof, in some form constitutes a part of the plaintiff's case."

And concludes by saying:

" It is unnecessary, however, to multiply citations, for the rule has been long and firmly settled, in this state, that the evidence must show that the plaintiff, in actions to recover for an injury resulting from negligence of another, was himself free from contributory negligence."

In *The City of Indianapolis v. Cook*, 99 Ind. 10, we have a case very similar to the one under consideration. The facts, as found by the court are as follows:

"In the sidewalk in front of the premises of Reichwein, on Market street, in the city of Indianapolis, there

was a water-box, six by seven and one-half inches in size, and extending one and a quarter inches above the level of the sidewalk. The appellee stumbled and fell over said water box on the night of December 30, 1881, receiving the injuries complained of in the present action. At the time of the accident it was dark and raining, and difficult for the appellee to see the water box. She was at that time well acquainted with the condition and situation of the water box, having for about sixty days prior thereto passed over the part of the sidewalk where it was located, as often as two or three times each day."

An upon such a state of facts the court concludes:

"From the nature of the obstruction in question, with, the appellee's knowledge of its condition and situation, it is manifest that, with ordinary care she might have passed it, either to the right or to the left or stepped over it, with safety. It seems that it was not so dark but that she could see the water box, but if the darkness had been ever so great, care in providing a light, or in walking, would have avoided stumbling and falling over the alleged obstruction. We think that this was a case where knowledge, such as was possessed by appellee, of the existence of the defect or obstruction in the sidewalk, which caused the injury, was conclusive of contributory negligence."

Voluminous citations are given by the court in support of the proposition taken in that case.

In *Town of Gosport v. Evans*, 112 Ind. 133, the question of what in law constitutes contributory negligence is discussed and this statement of Lord Ellenborough, in *Butterfield v. Forrester*, 11 East, 60, is quoted with approval:

"A party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he do not himself use common and ordinary caution to be in the right. Two things must concur to support this action, an obstruction in the road by the

fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff."

In discussing the rule as above quoted, the court says:

"This rule, stated in different language, has been consistently and uniformly declared and adhered to by appellate courts in every common law jurisdiction." (Citing Beach on Contrib. Neg. §§ 7, 77, and a number of cases.)

Following this, in the same opinion, the court further says:

"One who knows of the dangerous obstruction in the street or sidewalk and yet attempts to pass it, when, on account of darkness or other hindering causes, he cannot see so as to avoid it, takes the risk upon himself. For a much greater reason does he take the risk upon himself, if, seeing an obstruction, and knowing its dangerous character, he deliberately goes into or upon it, when he was under no compulsion to go or might have avoided by going around."

Numerous other cases will be found in Indiana which support this doctrine announced in the quotations above set out from the supreme court of that state. In *Horton v. Inhabitants of Ipswich*, 12 Cush. 488, the rule is anuounced as follows:

"The real point is, not whether the plaintiff was chargeable with any negligence in making his way over the road, after he had entered upon it; but whether he knew, or had reason to believe, that the road was dangerous when he entered on it, or before he reached any dangerous place. If so, he could not, in the exercise of ordinary prudence, proceed and take his chance, and, if he should actually sustain damages, look to the town for indemnity."

In the *City of Erie v. Magill*, 101 Pa. St. 616, we find the same doctrine adhered to. To the same effect is *Parkhill v. Town of Brighton*, 61 Ia. 103; *Corlett v. City of Leavenworth*, 27 Kan. 673; *Schaefer v. City of Sandusky*, 33 Ohio St. 246; *Duckin v. City of Troy*, 61

Barb. 437; *City of Centralia v. Krouse*, 64 Ill. 19.
Many other decisions from different states may be found
holding to the same rule, and that this is the general
doctrine throughout this country will not be seriously
questioned. There are numerous cases however, and we
do not intend to question their soundness, which hold
that, because one has knowledge of a dangerous place
in a sidewalk or highway, he is not bound to forego
travel upon such sidewalk or highway. The doctrine to
be deduced from such decisions is well stated in *Buesch-
ing v. St. Louis Gas Light Co.*, 12 Cent. Law Journal,
273, by the supreme court of Missouri, as follows:

"No person is required to abandon a convenient or ac-
customed route of travel in a city, because of dangerous
excavations near the highway, unless the use of the way
under such circumstances, would be inconsistent with
the exercise of reasonable and ordinary care." (Citing
*Smith v. City of St. Joseph*, 45 Mo. 449, and other cases.)

This language is quoted with approval in *Wilson v.
Trafalgar etc. Co.*, 83 Ind. 326.

The following from 2, Thompson on Negligence, p.
1203, § 52, would appear to embody the essence of the
doctrine contended for by appellant.

"Knowledge of a defect existing in the highway is
not, in general, conclusive evidence of negligence in at-
tempting to pass it. One injured on a street he knew to
be dangerous, need not show that he exercised extra-
ordinary care while upon such street. A *fortiori*, he is
not abliged to keep off such street altogether. One may
proceed if it is consistent with reasonable care to do so;
and this is generally a question for the jury, depending
upon the nature of the obstruction or the insufficiency of
the highway, and all the surrounding circumstances."

We will not enter into a discussion of the doctrine of
comparitive negligence, as such doctrine has, except in
one or two jurisdictions, been completely set aside. It

has been well said that the law "has no scales to determine in such cases whose wrong doing weighed the most in the compound that occasioned the mischief." But we find many of the cases which are cited in support of the right of a person to travel over a dangerous highway with knowledge of such danger and if injury results, obtaing damages therefor, to approach very closely the uncertain and irresponsible law of comparative negligence. In fact, it is almost impossible, in many of the cases, to define the exact place where the doctrine of contributory negligence leaves off and comparitive negligence begins. The distinctions are sometimes drawn so fine that they lose much of their force. Under the Indiana Code, in order for the plaintiff to have stated a good cause of action against the defendant, it was necessary that the complaint must show by direct averments, or by the facts stated, that the plaintiff was without fault, and not guilty of contributory negligence. ( *Wilson v. Trafalgar etc. Co., supra.* )

This being true, it follows, in order to make a *prima facie* case, it was incumbent upon the appellant, not only to show the injury and that it was caused by the negligence of the city, but it also devolved upon him to prove that he did not, in any manner, contribute by his own negligence to the injury received. In this regard the rule under the Code of 1890, was not the same as established in many of the states. As grouped by Thompson on Trials, § 1679, it is found that the rule that, the burden of proof is upon the plaintiff to establish the absence of contributory negligence before he has established his case, has been adopted in Massachusetts, Maine, Iowa, Illinois, Connecticut, Mississippi, Michigan and Indiana. The states holding to the view that contributory negligence is a matter of defense are Pennsylvania, Missouri,

Wisconsin, Kentucky, Maryland, Kansas, Alabama, Minnesota, New Jersey, California. In the other states, the rule does not appear to have been well settled. In examining the authorities upon the question raised on the demurrer, it is well to keep in mind this rule as above announced. In states where the burden of proving contributory negligence is upon the defendant, such question not being necessarily involved in the plaintiff's case, it follows that a demurrer to plaintiff's evidence could not ordinarily be sustained. But where the contrary rule prevails, and the plaintiff has the burden of proving in his case in chief, the absence of contributory negligence, then, upon demurrer, the court is bound to say whether or not upon the state of facts established by the plaintiff, he has made a *prima facie* case. And the extent to which plaintiff is required to go in making his case has an important bearing in many of the decisions where the question of sustaining or overruling a demurrer is involved; but even in those states where it is held that the burden is upon the defendant, and where it is not incumbent on the plaintiff in the first instance to show that he was free from negligence, or in the exercise of ordinary care at the time of receiving the injury complained of, it is said:

" If, however, it appears, without any conflict of evidence, from the plaintiff's own case, or from the cross-examination of his witnesses, that he was guilty of negligence approximately contributing to produce the injury, it would be the duty of the court to take the case from the jury, by declaring, as a matter of law, that the plaintiff cannot recover." (*Buesching v. St. Louis Gas Light Co.* 73 Mo. 219; *Milburn v. Kansas City etc. R. Co.* 86 Mo. 104.)

And in *Butterfield v. Forrester, supra,* it was stated:

" But there are many cases where the facts are undoubted and unequivocal, and where the inference of

carelessness arising thereupon, is one which all fair minded persons would draw; in all such cases the court may decide it as a question of law."

From these premises we deduce the following propositions:

First. In the case under consideration it was the duty of the plaintiff to establish in his case in chief the fact that he was not guilty of contributing in any manner to the injury received.

Second. When the demurrer was presented, it was the duty of the trial judge to say, as a matter of law, whether or not the plaintiff did so contribute to the injury.

Third. The court should, in passing upon this question, concede all facts established, or reasonably inferrable from the evidence as being conclusively proved in favor of the plaintiff.

Giving to the established facts the view most favorable to plaintiff, what do we find? He was an old man, with dim eyesight. He had a thorough knowledge of a place in the sidewalk which he states was so bad that it was likely to cause the death of a person who might, inadvertantly, step into it; he knew that such danger extended the full width of the walk, and that he could not pass along such walk without encountering it. With this knowledge in mind, he started after dark, without providing himself with any means of accurately ascertaining the exact time when he would reach the dangerous place, to walk along the street where that identical danger point obstructed his path. The only light was what might flash through the store windows, and this was uncertain. He was looking for the danger, expecting to meet it, and, by reason of insufficient light happened to miss it a little and receives the injury. Did he

act in this matter as an ordinarily prudent man would under such circumstances? Would a prudent man, at his age, and with his condition of eyesight, have hazarded his life so recklessly? Surely no sane man in the exercise of ordinary prudence would have attempted to cross over a place which he thought dangerous to life and limb without taking more precautions than did the plaintiff. And the law does not absolve a person, under these circumstances, who only exercises ordinary prudence. It demands at his hands something more than this. When a person travels along a highway which he knows to be dangerous, the law is not satisfied unless he uses care commensurate with the danger about to be encountered. The law does not require too much when it asks an old man, with weakened eyesight, about to travel upon the highway, which he thinks is dangerous to life and limb, to provide himself with a lantern to guide his footsteps, and, in doing this, it simply compels a person to use reasonable means to protect himself. Had the plaintiff below so provided himself, in all probability the injury would not have happened, but in case of injury he would then have been in a position to have claimed that he was injured while in the exercise of care commensurate with the danger to which he exposed himself. As applied to the case under consideration, the language used in the case of *President, etc. v. Dusouchett; supra,* is clearly applicable:

" If a person knows there is an obstruction in a street and he attempts to pass the place, when, in consequence of the darkness of the night, or other hindering causes, he cannot see the obstruction and runs upon it, he has no reason to complain of the injury he may sustain. In such a case he takes the risk upon himself."

This language was approved in *Bruker v. The Town of Covington, supra,* and in other cases heretofore cited

in this opinion, and we are now of the opinion that the conclusion heretofore reached by this court was erroneous.

The judgment heretofore rendered in this case is vacated, and the judgment of the court below upon the demurrer is sustained.

Bierer. J., McAtee, J. and Tarsney, J. concurring; Scott, J., dissenting.