CITY OF BLUFFTON v. McAFEE.

[No. 2,851. Filed May 24, 1899. Rehearing denied Oct. 24, 1899.]

NEGLIGENCE.—*Knowledge of Danger.—Cities.*—The fact that plaintiff, a month before her injury, knew of a defect in a sidewalk is not inconsistent with a finding that she had no knowledge of it at the time of her injury. *p. 115.*

CONTRIBUTORY NEGLIGENCE.—*Personal Injuries.—Defective Sidewalk. —Cities.*—Plaintiff recovered a judgment for damages for injuries caused by a defective sidewalk. Answers to interrogatories showed that she was walking carefully along the sidewalk, wheeling a baby carriage in front of her, and stepped into a hole in the alley crossing and was injured; that she could see the walk within a distance of ten feet in front of her, but the hole was at the near side

City of Bluffton *v.* McAfee.

of the alley crossing, which was four inches lower than the sidewalk, and the view thereof was obstructed. *Held*, that the answers were not in conflict with the general verdict upon the question of contributory negligence. *pp. 115, 116.*

VERDICT.—*Answers to Interrogatories.—Presumptions.—*No presumptions will be indulged in favor of answers to interrogatories as against a general verdict. *p. 116.*

APPEAL AND ERROR.—*Weight of Evidence.—*Where there is evidence in support of the general verdict the Appellate Court will not disturb same on the weight of the evidence. *pp. 116. 117.*

LAW OF CASE.—*Subsequent Appeal.—*Where it is held on appeal that a party cannot recover on the facts disclosed, such decision is binding on a subsequent appeal if the facts remain the same; but if the facts are different, and warrant a different conclusion, the former decision is not conclusive on the subsequent appeal. *p. 117.*

EXCESSIVE DAMAGES.—*Review.—*The verdict of the jury in an action for damages on account of personal injuries will not be disturbed on appeal as excessive, unless the amount is so excessive as to indicate prejudice, partiality or corruption. *pp. 117, 118.*

From the Adams Circuit Court.  *Affirmed.*

*C. E. Sturgis*, for appellant.

*Levi Mock, John Mock, George Mock* and *France & Merryman*, for appellee.

ROBINSON, J.—Appellee recovered a judgment for damages for injuries caused by a defective sidewalk. For the opinion upon the former appeal see *City of Bluffton* v. *McAfee*, 12 Ind. App. 490.

Wabash street in the city of Bluffton runs east and west, and is one of the principal streets of the city. On the south side of the street are the lots of W. S. Kapp and Mrs. Helms, separated by an alley. In front of these lots are sidewalks, and across the alley is a wooden crossing about four and one-half feet wide. Appellee was injured by stepping into a hole in this alley crossing as she passed onto it from the Kapp sidewalk. The jury found that appellee and a lady friend were walking along the Kapp walk approaching the alley crossing from the east, the friend walking on the south side of appellee; that the west end of the Kapp walk was four

inches higher than the east end of the alley crossing where they joined; that there was a hole in the east end and north of the center of the crossing next to the sidewalk five inches wide, twelve inches long, four inches deep from the top of the crossing, and eight inches deep from the top of the sidewalk; that appellee was wheeling a baby carriage in front of her with her child therein as she was walking over the Kapp walk up to the crossing; that she was walking slowly and carefully, and was looking ahead at the walk as she came up to the hole; that she wheeled the carriage over the hole, the wheels going on either side; that she did not know of the dangerous condition of the place and did not know of the hole at the time; that she had passed over the walk but once during the year preceding the injury, which was about a month before, and knew of the defect at that time, but did not know of it when injured; that she was about twenty-one years old, had good eyesight, had lived in Bluffton all her life, and had lived for about a year within two squares of the place in question; that the accident happened about 2 o'clock on a bright, clear, July day; that the carriage prevented her from seeing the defect; that by looking over the carriage she could see the walk within a distance of ten feet in front of her; that as she approached the crossing she was looking straight ahead and at the sidewalk in front of her; that there were other obstructions besides the carriage between appellee and the defect; that appellee, as she approached the crossing, was walking in a slow and careful manner, but she did not know the defect was there; that she was not looking for the defect nor thinking of it; that the hole had been in the walk about six months before the accident, and for that length of time its condition was known to the mayor and street commissioner of the city; that appellee was permanently injured by the fall.

The answers to the interrogatories, and they are supported by the evidence, clearly establish the negligence of the city.

It is argued that appellant should have had judgment on the answers to interrogatories notwithstanding the general

verdict. Whether appellee, at the time of the injury, knew of the defect was a fact for the jury to find, and they say she did not. This is in no sense inconsistent with the finding that she did know of the defect when she passed by it a month before. She might have known of it a month before, but that did not necessarily charge her with knowledge of it when injured. She was charged with no duty with reference to it, and the question was not whether she had at some prior time known of it, but whether she knew of it at the time of the injury.

It is further argued that the answers show that appellee did not think of the defect, was not looking for it, and was not trying to avoid it. This might all be true in view of the fact that she did not know there was such a defect. She could not be expected to be looking for a defect unless she knew one existed. She was bound to use care to avoid it if such existed, but she was not bound to anticipate that there would be a defect in the crossing. She was not required to keep her eyes constantly on the walk looking for obstructions. She had the right to presume, and to act on the presumption, that the street was reasonably safe for ordinary travel. The jury say that, by looking over the carriage, she could see the walk a distance of ten feet in front of her. But they also say there were other obstructions besides the carriage between her and the defect. Although she could see the walk ten feet in front of her, it does not necessarily follow that she could see the defect by looking over the carriage. When we look to the evidence we find what these other obstructions were. There was evidence that the crossing was made of planks laid lengthwise; that the hole was made by the end of one of these planks splitting off in a triangular shape, making the hole twelve or thirteen inches long, four or five inches wide next to Kapp's walk, and tapering to a point at the other end; that the end of the Kapp walk was about four inches higher than the crossing; that the hole was immediately next to and adjoining the end of the Kapp walk. Taking this

evidence, it is self-evident that there were other obstructions besides the carriage which prevented her from seeing the defect, and that only a small part of the hole ever came within her range of vision, and that that part was visible only momentarily.    Counsel cite the cases of *City of Bedford* v. *Neal*, 143 Ind. 425; *Town of Boswell* v. *Wakley*, 149 Ind. 64; *City of Plymouth* v. *Milner*, 117 Ind. 324; *Town of Gosport* v. *Evans*, 112 Ind. 133; *Rogers* v. *City of Bloomington*, 22 Ind. App. 601; *Bruker* v. *Town of Covington*, 69 Ind. 33, 35 Am. Rep. 202; *City of Indianapolis* v. *Cook*, 99 Ind. 10.    In each of these cases the party injured knew of the defect at the time he approached it and was injured.    The same is true of the case of *Pittman* v. *City of El Reno*, 4 Okl. 638, 46 Pac. 495, cited by counsel.

Appellee, when injured, was passing along one of the principal thoroughfares of the city, and had no reason to suspect there was a dangerous hole in her path.    She was walking slowly and carefully, and was looking ahead at the walk as she came up to the crossing.    There was nothing at the particular place to attract her attention.    The fact that her attention was not directed to that particular part of the walk during the very short space of time she could have seen any part of the hole until it was entirely shut from view by the baby carriage can not raise any conclusive presumption of negligence against her.    There is nothing in the special answers which shows she did anything a reasonably prudent person would not have done, or that she neglected to do anything such a person should have done.

We are unable to say that the special answers are in irreconcilable conflict with the general verdict upon the question of contributory negligence.    It is a familiar rule that no presumptions will be indulged in favor of special answers.    Appellee has the general verdict in her favor, which finds that she was not guilty of contributory negligence, and, as we construe the special answers, there is no conflict between them and the general verdict.    There is evidence to support the

City of Bluffton *v.* McAfee.

general verdict, and, under the familiar rule, this court can not disturb the verdict upon the weight of the evidence.

When the case at bar was here on the former appeal it was reversed because the only care shown to have been exercised by appellee at the time was that she was walking slowly, and that this was not sufficient to support the averment that she passed over the crossing with due care and caution. It is seen that the facts disclosed by the record on this appeal are very materially different from the facts upon which the former appeal was decided. While the decision on the former appeal is the law of the case, it is the law of the case only upon such questions as were then presented. Where it is held that a party can not recover on the facts disclosed, such conclusion is binding on a subsequent appeal if the facts remain the same; but if the facts are different, and warrant a different conclusion, the former decision is not conclusive on the subsequent appeal. *Dodge* v. *Gaylord,* 53 Ind. 365; *Eckert* v. *Binkley,* 134 Ind. 614; *Ohio, etc., R. Co.* v. *Hill,* 7 Ind. App. 255.

It is argued that the damages are excessive. By the general verdict the jury awarded $2,000. Appellee remitted $300, and judgment was rendered for $1,700. The jury answered that appellee received permanent injuries, and stated what the injuries were. There is evidence to support the jury's answer that the injuries are permanent. No good purpose could be subserved by setting out this evidence. The real question in such a case for an appellate tribunal is not whether in the opinion of the court the damages are excessive, but whether the jury have abused the discretion vested in them. The discretion vested in the jury will not be disturbed in cases of this character unless "the amount is so excessive or so grossly inadequate as to be indicative of prejudice, partiality, or corruption on the part of the jury." After a careful review of all the evidence upon this branch of the case, we can not say that the jury has in any sense abused the discretion vested in them. *City of Frankfort* v. *Cole-*

*man*, 19 Ind. App. 368, and cases cited. *City of Mt. Vernon* v. *Hoehn*, 22 Ind. App. 282.

Complaint is also made of the court's refusal to give a certain instruction. It is not shown by the record that the instructions requested and refused were ordered made part of the record and filed, nor have they been brought up in any bill of exceptions. Instructions that were given and that were refused are copied into the transcript. Even if the instructions requested were properly in the record, no question is presented upon the refusal to give certain instructions requested because it is not shown that the instructions set out were all the instructions given, and if the instructions refused were properly applicable, they may have been included in other instructions given, and this will be presumed. *New York, etc., R. Co.* v. *Hamlet Hay Co.*, 149 Ind. 344.

Judgment affirmed.