CITY OF OKLAHOMA CITY V. GEORGE REED.

(Filed September 7, 1906.)

DAMAGES—Action for—Municipal Corporations—Evidence. In an action against a municipal corporation for personal injuries, there is no presumption that the plaintiff or defendant is guilty of negligence, and in order to entitle the plaintiff to recover it is sufficient for him to show that the defendant was guilty of negligence, with nothing in the circumstances establishing contributory negligence on his part; and when such facts are proven it devolves upon the defendant to prove affirmatively, that the plaintiff was guilty of contributory negligence.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

G. A. Paul, for plaintiff in error.

No appearance for defendant in error.

Opinion of the court by

HAINER, J.: This was an action brought by George Reed against the city of Oklahoma City, to recover damages for personal injuries alleged to have been sustained by him on account of the negligence of the city in maintaining a dangerous obstruction on the sidewalk of one of its public

streets.    The cause was tried to a jury, and the plaintiff
recovered a verdict for five hundred dollars, and judgment
was entered in accordance therewith.    From this judgment
the city appeals.

It is assigned as error that the plaintiff's amended peti-
tion fails to state facts sufficient to constitute a cause of ac-
tion, and therefore the court erred in not sustaining the de-
fendant's objection to the introduction of evidence.    Plain-
tiff in error contends that the amended petition did not suf-
ficiency aver that the plaintiff was, at the time of the acci-
dent, in the exercise of ordinary care, and free from fault
or negligence on his part.    And it is further contended that
it is incumbent upon the plaintiff to allege and prove that he
was not guilty of contributory negligence.    And in support
of this contention, the plaintiff in error has cited the case
of *Pittman v. The City of 'El Reno,* 4 Okla. 638, where the
court laid down the rule that in a case where a municipal
corporation is charged with negligence;    "It was the duty
of the plaintiff to establish in his case in chief the fact that
he was not guilty of contributing in any manner to the in-
jury received."    We do not think the amended petition is
subject to this objection.

The material averments of the amended petition were
that the city had maintained, for a period of more than one
year, a water hydrant about twenty-two inches high, and ex-
tending in the sidewalk about forty inches from the outer
edge thereof.    That on the night  of December 24, 1902,
while the plaintiff was exercising due and proper care,  and
without fault on his part, he stumbled on and over said hy-
drant, and then and there fell on said sidewalk, whereby he

sustained great and permanent injuries, having his right arm broken, etc.

It will thus be seen that the plaintiff's amended petition not only charges the municipality with negligence, but also alleges that at the time the plaintiff received the injuries he was exercising due and proper care, and that such injuries occurred without fault on his part.

It is true, as stated by counsel for plaintiff in error, that a municipal corporation has the power to construct and maintain fire hydrants for the use and protection of the city. But while it has the right to construct and maintain such hydrants, they should not be placed in such a position as to obstruct, and be an object highly dangerous to pedestrians who are traveling upon the sidewalks in accordance with the usual modes of travel. A municipal corporation is bound by law to use ordinary care to keep its sidewalks, as well as its streets, in reasonably safe condition for public use, in the ordinary modes of travel, by night as well as by day. And if it fails to do so, it is liable for injuries sustained by reason of such negligence. *The Town of Norman v. Teel,* 12 Okla. 69.

The law is well settled that a person traveling upon a sidewalk of a municipal corporation, which is in constant use by the public, has a right, when using the same with reasonable care, to presume and act upon the presumption that it is reasonably safe for ordinary travel, and free from dangerous obstructions or other defects.

Dillon, in his excellent treatise on Municipal Corporations, (2 ed.) vol. 2, section 1024, states this doctrine as follows:

"Where streets have been rendered *unsafe by the direct act, order or authority of the municipal corporation* (not acting through independent contractors, the effect of which will be considered presently), no question has been made, or can reasonably exist, as to the liability of the corporation for injuries thus produced, where the person suffering them is without contributory fault, or was using due care."

The adjudicated cases are in conflict on the question whether the burden of proving contributory negligence, or its absence, is on the plaintiff or defendant. In Indiana and some other jurisdictions it has been held that the plaintiff cannot recover unless he alleges and proves that the injury occurred without negligence on his part; in other words, that he was not guilty of contributory negligence. And this was the rule adopted by our court in the case of *Pittman v. The City of El Reno, supra,* but this decision, as we understand it, was placed upon that ground for the reason that the Indiana code was then in force in Oklahoma, and that the decisions of the courts of that state were binding on our court, while that statute remained in force here. But on the other hand, the great weight of the American authorities and the textwriters, as well as of the English authorities, supports the doctrine that it devolves on the defendant to plead and prove contributory negligence; while all the courts seem to hold to the doctrine that if the plaintiff's evidence establishes that he was guilty of contributory negligence on his part that it precludes his recovery, no matter where the burden of proof rests.

In our opinion, the true and sound rule, and one which is in consonance with justice, is that there is no presumption that the plaintiff or defendant is guilty of negligence; and

that in order to entitle the plaintiff to recover, it is sufficient for him to show that the defendant was guilty of negligence, with nothing in the circumstances establishing contributory negligence on his part.    And when such facts are proven, it devolves upon the defendant to prove affirmatively that the plaintiff was guilty of contributory negligence.

In Am. & E. Enc. Law, (2 ed.) vol. 7, page 455, this doctrine is clearly stated as follows:

"Perhaps the true doctrine is, that there is no presumption of either negligence or care which is applicable as a general rule in all cases, but that the question of the burden of proof should be determined on the facts of each case according to whether they show a duty of care on the plaintiff or the defendant.    On principle, it would seem sufficient to entitle the plaintiff to recover, for him to show a negligent injury by the defendant, with nothing in the circumstances establishing contributory negligence on his part; and this done, it would devolve upon the defendant to show the plaintiff's contributory negligence affirmatively."

In *Lincoln v. Walker,* 18 Neb. 244, 5 Am. & Eng. Corp Cas. 611, the supreme court of Nebraska, in passing upon this question, said:

"In view of the conflict in the authorities, we are compelled to adopt such rule as may seem most consonant with justice.    This being so, there certainly is no presumption that the plaintiff was negligent.    We therefore hold the rule to be, that if the plaintiff can prove his case without showing contributory negligence, it is a matter of defense to be proved by the defendant."

In *Hough v. Railway Co.,* 100 U. S. 213-225, the supreme court of the United States has laid down the rule that in a case of this kind the burden of proof is upon the defendant

to show contributory negligence.    And to the same effect
are the following authorities:    *Railroad Company v. Glad-
mon,* 15 Wall. 401; Wharton, Negligence, sec. 423, and au-
thorities there cited in note 1; *Indianapolis & St. Louis Rail-
road Co. v. Horst,* 93 U. S. 291.

In *St. Louis & S. F. Ry. Co. v. Weaver,* 11 Pac. 408-414,
the supreme court of Kansas holds that the burden of proving
contributory negligence on the part of the plaintiff rests
upon the defendant.    In the course of the opinion Mr.
Justice Valentine, speaking for the court, says:

"It is claimed, however, that the burden of proof rests
upon the plaintiff to show that he was *not* guilty of contri-
butory negligence, and not upon the defendant to show that
he *was.*    The rule, however, in this state, is otherwise.
*Kansas Pac. Ry. Co. v. Pointer,* 14 Kan. 38, 50; *Kansas City,
L. & S. B. Co. v. Phillibert,* 25 Kans. 583.    See also, Beach,
Neg. 430, 157.    The law presumes that every person per-
forms his duty, and this presumption continues    until it is
shown affirmatively that he does not or has not.    Hence,
wherever there is no evidence upon the subject, or where
the evidence is equally balanced, this presumption in favor
of the person in question requires that the findings of the
court and jury should be that such person has performed
his duty, and is not guilty of any culpable negligence, contrib-
utory or otherwise.    Hence, while it may be said, in a
general sense, that the burden of proving his case devolves
upon the plaintiff, yet, if he has shown that the defendant
was guilty of the negligence causing the injury complained
of, and the evidence tending to show that he has perform-
ed his duty is at least equal to that which tends to show
otherwise, he has made out his case.    This is virtually throw-
ing the burden of proof to show that the plaintiff has
been guilty of culpable contributory negligence upon the de-
fendant, and this has been the uniform holding of this court."

The doctrine announced in *Pittman v. The City of El Reno,* 4 Okla. 638, so far as it is in conflict with the rule herein announced, is overruled.

It follows that the amended petition stated facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, and therefore the court properly overruled the objection of the defendant to the introduction of evidence in support thereof.

It seems to us that the evidence in this case clearly establishes that the plaintiff was in the exercise of ordinary care and caution at the time he received the injury, and that it was negligence on the part of the city in maintaining an obstruction that endangered the life and limb of the public who were traveling upon the sidewalk in question, and the jury were fully warranted in finding the issues in favor of the plaintiff. And, moreover, the damages that were allowed by the jury seem to be reasonable under the circumstances.

Finding no error in the record which would justify a reversal of the cause, the judgment of the court below is affirmed.

Burwell, J., who presided in the court below, not sitting; Burford, C. J., dissenting; all the other Justices concurring.