SALIBE TARTAK ET AL., Petitioners, *v.* DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, R. RAMÍREZ PABÓN, Respondent; CLEMENCIA CRUZ, Intervener.

No. 1956. Argued February 5, 1953.—Decided May 5, 1953.

806

*Alfonso Miranda Esteve* and *R. Martínez Alvarez, Jr.*, for petitioner. *Felipe B. Montalvo* and *Heriberto Torres Solá*, for intervener, plaintiff in the main action.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On August 21, 1942 Clemencia Cruz filed an action for annulment, revendication, damages and other reliefs against José Felipe González, Salibe Tartak and his wife Bernarda Bejos and others. The complaint was amended on September 28, to substitute defendant José Felipe González for his heirs.[1] After a long series of motions and demurrers and after defendants finally answered, the former District Court of San Juan rendered judgment on April 21, 1949, that is, seven years later, which was reversed on appeal by this Court. See, to that effect, and as to the antecedents of this case *Cruz* v. *Heirs of González*, 72 P.R.R. 291. On remand to the lower court, plaintiff Clemencia Cruz filed a second amended complaint on June 21, 1951. The same involves three causes of action, the third of which follows:

"Third Cause of Action on Liquidation
of Conjugal Partnership

"First: The conjugal partnership between plaintiff Clemencia Cruz and José Felipe González, in connection with the real property found in this island which is described in the fourth paragraph of the first cause of action of this complaint, which may be considered as reproduced herein, identified by letters 'A', 'B', 'C', 'D', 'E', 'F', and 'G', was dissolved by the divorce decree rendered by the Supreme Court of the State of New York, Bronx County, on February 1, 1933.

---

[1] The heirs have not appeared at any of the stages of this long case, their default being properly entered.

"Second: Plaintiff brought to said marriage the amount of twelve thousand dollars ($12,000) which she had accumulated while single, which amount, with eight thousand dollars ($8,000) more which she borrowed from her mother, plaintiff gave to her husband José Felipe González to invest them, as he did, in real estate in Puerto Rico, these being the lands described in the fourth paragraph of the first cause of action under the letters 'A', 'B', 'C', 'D', 'E', 'F' and 'G'."

In their answer to the afore-mentioned complaint, defendants Tartak and Bejos make a recital of the properties involved and allege, as to the above-stated third cause of action, what follows:

"(1) All the averments of the third cause of action in the way that they have been alleged are generally and specifically denied, and contrariwise it is averred:

"(*a*) That José Felipe González and Clemencia Cruz married in Philadelphia, Pennsylvania on May 28, 1923;

"(*b*) That the marriage between José Felipe González and Clemencia Cruz was dissolved by a divorce decree on February 1, 1933 and in the days which immediately followed the spouses reached an agreement as to the liquidation of the community property acquired by them while married, said property being the following:

"Properties in New York

(A recital of said properties which consist of an immovable, money deposited in banks, jewelry and money in cash, follows).

"Properties in Puerto Rico

(A description of seven immovables in Santurce, Puerto Rico, follows).

"(2) That plaintiff Clemencia Cruz and her ex-husband José Felipe González, in order to perform said division requested the help and aid of several intimate friends of both parties, and with their assistance they reached an agreement whereby the aforesaid José Felipe González gave Clemencia Cruz all the properties which they possessed in New York, and in turn Clemencia Cruz granted José Felipe González the ownership of all the properties jointly owned in this island of Puerto Rico, on condition that José Felipe González would assume the responsibility for the debts which at that time encumbered the property, while plaintiff herein bound herself to execute the corresponding deed.

"(3) That on account of said transaction, plaintiff took possession, as owner, of all the properties which belonged to the conjugal partnership in the City of New York, which she has enjoyed to this day.

"(4) That José Felipe González asked his ex-wife to fulfill her obligation of executing and delivering the corresponding deed of division of property but plaintiff herein, on pretexts and excuses, gave rise to the suit filed against her in Civil Case No. 32,598 before the District Court of San Juan, by which José Felipe González obtained judgment in his favor, the annulment of which was requested by plaintiff on the same date José Felipe González died.

"........................................................

"(6) That the properties adjudicated to José Felipe González in said division, were conveyed and sold by the latter to different persons in the manner alleged in the original complaint in the instant case.

"(7) That in the alternative, as a result of the above averments, plaintiff Clemencia Cruz is unlawfully possessing the properties located in the city of New York as well as all the funds and interests in the manner alleged as follows:

"(a) The house and lot in No. 918 East of Street No. 215 of the city of New York, valued at $20,000;

"(b) Net rents which said property has or should have yielded under an honest management, for the period from February 1933, up to October 1951, that is, 224 months at a rate of $100 monthly, which amounts to $22,000 (sic) ;

"(c) Money deposited in banks, Capital, $28,000;

"(d) Legal interest on said amount at 6% per annum from February 1933 to October 1951, $31,360;

"(e) Jewelry belonging to José Felipe González, $15,000;

"(f) Money in cash, capital, $22,000 and

"(g) Legal interest on said amount at 6% per annum from February 1933 to October 1951, $24,640.

"(8) That in the form and manner alleged in the original complaint presented in this case, defendants therein, especially Salibe Tartak, Bernarda Bejos, Rafael Rigual Camacho and Angela Rubio de Rigual, in connection with the lands they purchased, acquired all rights which José Felipe González might have over such properties, and to the effect the spouses Salibe Tartak and Bernarda Bejos canceled and paid a mortgage amounting to $4,600 which encumbered the property at the time

of purchase, all this appearing from the original complaint and in the judgment rendered in this case.

"(9) That, by virtue of the above averment, plaintiff Clemencia Cruz, has no right whatsoever over said properties to support her cause of action inasmuch as she gave up in favor of her ex-husband, José Felipe González any rights which she might have on the same."

On February 5, 1952, plaintiff presented a motion to strike under Rule 12 (*f*) of Civil Procedure,[2] by virtue of which the court *a quo* gave a decision ordering "that from the answer of codefendants Tartak-Bejos and Rigual-Rubio be stricken the paragraphs under the title 'Third Cause of Action' which includes subdivision (1) (*b*) concerning the properties in New York (second page of the answer); paragraphs (2), (3) and (4) of said 'Third Cause of Action', (third page of the answer), and paragraph 7, subdivisions (*a*), (*b*), (*c*), (*d*), (*e*), (*f*) and (*g*), and paragraph 9 appearing at page 5 of the answer. . . ." [3]

---

[2] Said Rule provides:

"(*f*) *Motion to Strike.*—Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within ten days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order any redundant, immaterial, impertinent, or scandalous matter stricken from any pleading; provided, however, that such motion shall be presented jointly with the first motion, if any is made, before filing a responsive pleading."

[3] The grounds on which the court *a quo* ordered the striking requested, are found in the third paragraph of its decision which we copy:

"(1) We have closely examined the questions raised in their answer by the aforesaid codefendants under the title 'Third Cause of Action,' subdivision (1) (*b*) in connection with the properties in New York (third page of the answer), as well as paragraph 3, subdivision 7 at page 5 of said answer together with the averments in the original suit brought for the execution of a deed on liquidation of community property filed by José F. González against Clemencia Cruz under Civil case No. 32,598; we have also examined the proof and averments in the action for annulment, revendication and damages filed before the same court by plaintiff Clemencia Cruz, under civil case No. 41,330, the opinion of this Court in this case and that of the Supreme Court of Puerto Rico appearing in Vol. 72 P.R.R. 291 and it follows as an inescapable conclusion that the questions raised in the answer of the aforesaid defendants, which also includes the paragraphs numbered (2), (3) and (4) at page 3 of the

On petition of Tartak and Bejos we issued a writ of certiorari to review said decision.

■ The first issue raised is to the effect that the motion to strike was untimely filed, as more than 20 days had elapsed since the filing of the answer. Petitioners urge that the court *a quo* abused its discretion in ordering the striking as though acting on its own initiative. There was no such abuse of discretion. Actually, even though said term might have elapsed, the court always has discretion to consider the motion, as it did here, as if acting on its own initiative. 2 Moore's Federal Practice, 2312, footnote 3, (second edition). *Randolph Laboratories* v. *Specialties Develop. Corp.*, 62 F. Supp. 897.

■ As to the merits of the motion, we shall say at the outset that motions to strike are not favored, *Klages* v. *Cohen*, 7 F.R.D. 216; *Sano Petroleum Corp.* v. *Shell Oil Co. Inc.*, 3 F.R.D. 181, and that usually, they will be granted only when the averments have no relation to the controversy,

---

answer, and paragraph 9 at page 5 thereof which are copied under the title 'Third Cause of Action,' are but a reproduction of the facts essential for the success of the action filed by José F. González in case No. 32,598. Therefore, said averments must be stricken since they have been previously litigated on their merits and adjudicated in this case, wherefore their determination is conclusive between the parties in the suit now pending in this Court. Defendants are, therefore, under collateral estoppel to raise them. *Long Corporation* v. *District Court*, 72 P.R.R. 737. There is an additional ground for ordering the stricking requested herein.

"(2) From the answer filed it appears that the afore-mentioned properties have always had their permanent *situs* in the State of New York, where plaintiff is domiciled. Therefore, said properties are regulated by the law existing where plaintiff is domiciled, *Lókpez* v. *Fernández*, 61 P.R.R. 503; *Lókpez* v. *Sotelo*, 70 P.R.R. 475, inasmuch as in New York, the institution known to us as conjugal partnership does not exist, *Babilonia* v. *Registrar*, 62 P.R.R. 661, 665; and the courts in Puerto Rico lack jurisdiction to make any determination as to them.

"(3) Defendants' contention to the effect that this motion has been untimely filed lacks merit. Even admitting that this is so, the rule invoked provides than 'upon the court's own initiative at any time the court may order any redundant, immaterial, impertinent, or scandalous matter stricken from any pleading'; and the court assumes the initiative conferred upon it and applies Rule 12(*f*) to this case, considering that in such a way a fair, speedy and economic solution to this case is afforded."

*Randolph Laboratories* v. *Specialties Develop. Corp., supra,* or when they are clearly redundant, immaterial, impertinent and scandalous. *Bowles* v. *Matson Nav. Co.,* 62 F. Supp. 244; *Contogeorge* v. *Spyrou,* 7 F.R.D. 223; 2 Moore's, *op. cit.* 2317, § 1221. However, the striking of those averments which try to relitigate an action or a former allegation may be ordered. *Phoenix Hardware Co.* v. *Paragon Paint & Hardware Co.,* 1 F.R.D. 116; *Lages* v. *Cohen, supra; O'Reilly* v. *Curtis Publishing Co.,* 22 F. Supp. 359; *Tivoli Realty* v. *Paramount Pictures,* 80 F. Supp. 800.

If the defenses raised under the third cause of action had been litigated and adjudicated, their striking out was obviously in order. *Phoenix Hardware Co.* v. *Paragon Paint & Hardware Corp., supra.* However, we do not think that such is the situation.

 Undoubtedly, the determinations we made in *Cruz* v. *Heirs of González, supra,* are the law of the case, under the facts involved therein, and therefore, said determinations control the further proceedings which we ordered when reversing the judgment appealed from. *Hartford Life Ins. Co.* v. *Blincoe,* 255 U. S. 129; *Scott* v. *Scotts Bluff County,* 183 N. W. 573; *Gee's Adm'r.* v. *Williamson,* 27 Am. Dec. 628, note; *Westfall* v. *Wait,* 73 N. E. 1089; *Aldering* v. *Allison,* 83 N. E. 1006; *Dodge* v. *Gaylord et al.,* 53 Ind. 365. One of said determinations was to the effect that the judgment by default entered in case No. 32,598 filed by José F. González against Clemencia Cruz was null and void because the court did not acquire jurisdiction over defendant. Thus, we made no determination as to the merits of the cause of action exercised in that suit by González wherefore the latter or his successors in interest could relitigate it. A judgment is collaterally void when the court rendering it lacks jurisdiction. In such case the judgment amounts to nothing as regards to the facts in issue and of course it does not operate as res judicata. 2 Freeman on Judgments, p. 1351, § 642. A perusal of the record before us reveals that in the action

brought by Clemencia Cruz against González and others, none of the defendants relitigated, by way of defense, the cause of action involved in case No. 32,598. Petitioners herein, Tartak and Bejos, confined their defense to allege and prove their condition as third parties to the transaction. The court *a quo* held that they were no such third parties. However, since the evidence before the court did not support said conclusion, we reversed the judgment on appeal. But as we realized that if inscription No. 10 of the farm No. 4002 in the Registry of Property had been introduced and admitted in evidence, petitioners could not be considered as third parties, we remanded the case to the lower court so that the parties could be permitted to introduce such evidence and make the necessary amendments to the pleadings. As regards the real properties found in Puerto Rico, which had been bought by González while married to Clemencia Cruz, we held that once it were determined that petititioners Tartak and Bejos were not third parties, said properties would have the status of community property belonging to a conjugal partnership which though dissolved had not been liquidated. Said determination finds support in that (*a*) the judgment rendered in case No. 32,598 by which González was held owner of the properties in Puerto Rico, was void, and (*b*) the evidence introduced by Clemencia Cruz in her suit against González and others, was not adequate enough to destroy the legal presumption said properties enjoy of being community property. Thus, in the former appeal we did not consider the facts averred by petitioners herein, in their amended answer to the third cause of action, in connection with the holding of an agreement between Clemencia Cruz and González, reached after the dissolution of their marriage and which gave González the ownership of the properties located in Puerto Rico and Clemencia Cruz the properties in New York. We understand that petitioners Tartak and Bejos, as successors to González' title over the properties are not barred from raising said defense in the lower court. In

the first place, although those facts embrace, in essence, the cause of action raised in case No. 32,598 the same has not been litigated on its merits because the judgment rendered in that case is void for lack of jurisdiction over the defendant. In the second place, the doctrine of collateral estoppel by judgment applied by the lower court, has no bearing in this case. Regardless of the fact that a final judgment has not yet been rendered that can be considered as a estoppel, 2 Freeman On Judgments, §§ 717 and 720, and Restatement of the Law of Judgments, p. 161; it is well established that under the doctrine of collateral estoppel the former judgment is final only as to those matters which were actually raised and which were really or necessarily litigated and adjudicated, but it is not final as to those matters which, though involved in the case, were not litigated and adjudicated in the former action. *People* v. *Lugo*, 64 P.R.R. 529; *People* v. *Ibarra*, 69 P.R.R. 523; 2 Freeman On Judgments, §§ 677 *et seq.*; Scott, *Collateral Estoppel by Judgments*, 56 Harv. L. Rev. 1; *Chabrán* v. *Méndez*, *ante*, p. 719.

The doctrine the court *a quo* should have applied is the doctrine known as "the law of the case." In *Riesbeck Drug Co.* v. *Wray*, 39 N. E. 2d 776, said doctrine is settled as follows:

"The application of the doctrine of 'the law of the case' is well expressed by the Supreme Court in the case of *Alerding* v. *Allison,* 1908, 170 Ind. 252, 260, 83 N. E. 1006, 127 Am. St. Rep. 363, in the following language: 'When the sufficiency of a pleading or of the evidence is challenged, the court tests the question by the rule of law applicable to the set of facts pleaded or in evidence. On appeal, if the judgment of the trial court is affirmed, then the law as declared by the court on that particular state of facts remains "the law of the case" as affecting the points adjudged, throughout all subsequent stages of the case. But if it is found on appeal that the trial court has erred in the application of the correct rule of law, and the cause is reversed and remanded with the right of amendment and new trial, and the pleading, or the body of the evidence, is amended by the addition of new and material facts that make

another and different case, and which call for the application of an entirely different rule of law, in such instance the law as declared in the first appeal on the old facts is not "the law of the case" on the second appeal, because the subject-matter adjudged is not the same. We do not, however, mean by this that the mere addition of new matter to a pleading, or to the body of the evidence, is sufficient to avoid "the law of the case" rule. Amendments to a pleading that only amplify, explain, or limit the facts already pleaded, or additional evidence which is merely cumulative to evidence of the same class given on the first appeal, will not carry the question outside the operation of the rule'; and by this court in *City of Bluffton* v. *McAfee, supra,* [23 Ind. App. 112, 53 N. E. 1059], as follows: 'Where it is held that a party cannot recover on the facts disclosed, such conclusion is binding on a subsequent appeal if the facts remain the same; but if the facts are different, and warrant a different conclusion, the former decision is not conclusive on the subsequent appeal. *Dodge* v. *Gaylord,* 53 Ind. 365; *Exkert* v. *Binkley,* 134 Ind. 614, 33 N. E. 619, 34 N. E. 441; *Ohio, etc., R. Co.* v. *Hill,* 7 Ind. App. 255, 34 N. E. 646.' "

For other cases to the effect see Fourth and Fifth Decennial Digest, *Appeal and Error,* §§ 1097 (3) and 1195. Thus, the court *a quo* erred in not applying said doctrine upon deciding the motion to strike. *Cf. Foster* v. *Dragh,* 148 P. 2d 586; *Coon* v. *Jackson,* 6 P. 2d. 811; *Sabol* v. *St. Louis Cooperage Co.,* 31 S. W. 2d 1041 and *Strottman* v. *St. Louis I. M. & S. Ry. Co.,* 128 S. W. 187. *Olmedo* v. *Rivera,* 65 P.R.R. 45, 52; *González Padín Co.* v. *Tax Court,* 67 P.R.R. 204, 210, footnote.

■■ An additional ground advanced by the court *a quo* to order the requested particulars stricken is to the effect that as long as the properties in New York, where plaintiff is domiciled, have had their permanent *situs* in said State, their status must be regulated by the law of the place where plaintiff is domiciled; that the institution of conjugal partnership does not exist in New York and that the courts of this Island lack jurisdiction to make determinations regarding said properties.

We need not re-examine those principles in the present appeal. It is enough to state that the reference to said property made in petitioner's answer, with the exception of the averments made in the alternative at paragraph 7 and to which we shall later refer, does not compel the court to make an adjudication as to the status of such properties found in New York. Although the court *a quo* would have to consider whether or not such properties belonged to both Cruz and González on a tenancy in common, which was petitioners' argument in their motion for rehearing, said determination would only be an incidental one to the findings as to the main fact in issue, to wit, the performance of the alleged contract by which González became the sole owner of the properties in Puerto Rico. The judgment of the lower court, whether in favor or against such averment, shall have no effect as regards the status of the properties in New York. This is so, because if the execution of the afore-mentioned agreement is proved, then González would have an exclusive title of ownership over the properties located on this Island while Clemencia Cruz would keep on as the sole owner of the properties in New York. If, on the other hand, the agreement is not proved, then the properties in Puerto Rico would have the status of conjugal property, while those in New York would keep its present status. It can be urged that the court could hold (*a*) that no such agreement was reached and, (*b*) that the properties in New York belong to both González and Cruz as a co-owners and joint tenants whereas in this last case the court would have exercised jurisdiction over the properties in New York. However, petitioners Tartak and Bejos were not assignees of all the properties or rights which González had with Clemencia Cruz either as conjugal property or in common tenancy. These petitioners' concern is limited to the property they bought from other persons, who in turn had bought it from González, and their defense goes only to show that González' title was sufficient to convey said particular property. They can have, thus,

no interest or standing to question the status of the properties located in New York. Precisely, on account of this, an order must be issued striking paragraph (7) of their answer. Said paragraph raises the defense that Clemencia Cruz is possessing unlawfully the properties and goods found in New York. Even if the lower court could render a judgment to that effect, it would be of no avail to petitioners in establishing the validity of their title over the immovable subject of litigation in this action.

The decision appealed from will be modified as to order the striking of the entire paragraph (7) alone, from the answer to the Third Cause of Action.