## NORTHERN PAC. R. CO. v. LEWIS et al.

*(Circuit Court of Appeals, Ninth Circuit. July 18, 1892.)*

1. RAILROAD COMPANIES—NEGLIGENCE—SETTING OUT FIRES—DEFENSES.
   One who, without permission, has cut cord wood from public lands, and piled it along a railroad, and who is in actual possession thereof, and engaged in selling it for his own benefit, may recover its full value, if negligently destroyed by fire from a locomotive; for the railroad company cannot justify its negligence by showing that the plaintiff was a trespasser, or question his title without connecting itself with the true title.

2. SAME—EVIDENCE AS TO OTHER FIRES.
   Evidence of other fires, at other points on the road, and at other times, both before and after the destruction of the wood, though set by other locomotives, was admissible, as tending to show the possibility, and consequent probability, that a locomotive caused the fire, and to show a negligent habit of the officers and agents of the railroad company.

3. SAME—EVIDENCE AS TO COMBUSTIBLES ON TRACK.
   As Comp. St. Mont. p. 830, § 719, makes it the duty of a railroad company to keep its track and right of way, to the distance of 100 feet on each side, free from dead grass, weeds, and other combustible material, and declares a failure to do so *prima facie* evidence of negligence on its part, evidence that the right of way and track, at points other than that at which the fire was set out by its locomotive, but in the immediate neighborhood, were incumbered by dead grass and other combustible material, is admissible.

4. SAME—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.
   It was incumbent upon the railroad company to prove, by a preponderance of evidence, that plaintiff was guilty of contributory negligence; and plaintiff's failure to clear the brush and other combustible material out of an open draw, through which the fire was communicated to the wood, did not shift the burden of proof, for plaintiff was not bound to clear the ground around his woodpile.

5. SAME—PROXIMATE CAUSE.
   A simple change in the direction of the wind could not be considered as disturbing the unbroken connection between the negligence of the railroad company and the destruction of the wood, and it was in the province of the court to instruct the jury that it was not an intervening cause.

In Error to the Circuit Court of the United States for the District of Montana.

Action by George S. Lewis and others against the Northern Pacific Railroad Company to recover the value of certain cord wood alleged to have been destroyed through defendant's negligence. Verdict and judgment for plaintiffs. Defendant brings error. Affirmed.

*W. E. Cullen* and *Geo. F. Shelton*, for plaintiff in error.

In order to maintain this action, the defendants in error were required to show that they were the general owners of the wood destroyed, or that they had a special property therein. If they had no title to the wood, and the same belonged to a stranger to the suit, then they had suffered no injury by the negligence of the plaintiff in error, and could recover no damages in the action. Comp. St. Mont. p. 60, § 4, reads as follows: "Sec. 4. Every action

shall be prosecuted in the name of the real party in interest, except as otherwise provided in this act." The real party in interest was the owner of the wood; and if defendants in error, in making out their case in chief, proved that they were not the owners of the wood and had no interest therein, then their cause of action necessarily failed. *Railroad Co.* v. *Jones*, 27 Ill. 41; *Railway Co.* v. *Rees*, (Ariz.) 28 Pac. Rep. 1134; *Railway Co.* v. *Hecht*, 38 Ark. 357; *Murphy* v. *Railroad Co.*, 55 Iowa, 473, 8 N. W. Rep. 320; *Railway Co.* v. *Cullers*, (Tex. Sup.) 17 S. W. Rep. 23; *Clapp* v. *Glidden*, 39 Me. 448; *Lindsay* v. *Railroad Co.*, 29 Minn. 411. 13 N. W. Rep. 191; *Reed* v. *Railway Co.*, (Wis.) 37 N. W. Rep. 225; *Hungerford* v. *Redford*, 29 Wis. 345; *McNarra* v. *Railway Co.*, 41 Wis. 69; *Dermott* v. *Wallach*, 1 Black, 96; *Schulenberg* v. *Harriman*, 21 Wall. 44; *Glenn* v. *Garrison*, 17 N. J. Law, 1; *Putnam* v. *Wyley*, 8 Johns. 337; *Winship* v. *Neale*, 10 Gray, 382; *Ridgely* v. *Bond*, 17 Md. 14; *Hurd* v. *Fleming*, 34 Vt. 169; *Hume* v. *Tufts*, 6 Blackf. 136; *Howe* v. *Farrar*, 44 Me. 233: *Johnson* v. *Neale*, 6 Allen, 229; *Stanley* v. *Neale*, 98 Mass. 343; La. 220: *Goodman* v. *Kennedy*, 10 Neb. 270, 4 N. W. Rep. 987; *Reinheimer* v. *Hemingway*, 35 Pa. St. 432; *Ribble* v. *Lawrence*, 51 Mich. 569, 17 N. W. Rep. 60.

The denial of title in the answer made the ownership of the wood a material issue in the case, and put the defendants in error upon proof of their title. *Dermott* v. *Wallach*, 1 Black, 96; *Schulenberg* v. *Harriman*, 21 Wall. 44; *Woodworth* v. *Knowlton*, 22 Cal. 165; *Marshall* v. *Shafter*, 32 Cal. 177; *Bruck* v. *Tucker*, 42 Cal. 346; Bliss, Code Pl. §§ 327, 328; Abb. Tr. Ev. p. 627: 2 Boone, Code Pl. p. 96; *Davis* v. *Hoppock*, 6 Duer, 254; *Stephenson* v. *Little*, 10 Mich. 433.

The defendants in error invoke the principle that such possession of the property as they had would be sufficient to entitle them to maintain the action against a wrongdoer, or against one who could show no better evidence of title; but this principle is not available to the defendants in error, for the reason that, to give a right of action founded on mere possession, that possession must be a rightful one. One wrongdoer can have no right against another. *Turley* v. *Tucker*, 6 Mo. 583; *Hardman* v. *Willcock*, 9 Bing. 382; *Stephenson* v. *Little*, 10 Mich. 434; *Winship* v. *Neale*, 10 Gray, 382; *Ridgely* v. *Bond*, 17 Md. 14; *Hurd* v. *Fleming*, 34 Vt. 169; *Hume* v. *Tufts*, 6 Blackf. 136; *Howe* v. *Farrar*, 44 Me. 233; *Muggridge* v. *Eveleth*, 9 Metc. (Mass.) 233; *Buckley* v. *Gross*, 3 Best & S. 566; *Merry* v. *Green*, 7 Mees. & W. 623; *Ransom* v. *State*, 22 Conn. 153; *Putnam* v. *Wyley*, 8 Johns. 337.

As the defendants in error did not own the land upon which the wood was piled, they had no constructive title to it. *Murphy* v. *Railroad Co.*, 55 Iowa, 473, 8 N. W. Rep. 320.

If, therefore, it appears that the wood in question was the property of some one else other than the defendants in error, and that they had no interest therein, under the foregoing authorities they had no cause of action against the plaintiff in error.

The wood was cut by the defendants in error upon the unsurveyed public domain of the United States, and at the time of its destruction was piled thereon. The testimony of the defendants in error showed that they had not complied, or attempted to comply, with the rules and regulations of the secretary of the interior under the act of congress of June 3, 1878. "Without positive license by statute, or other competent authority, no person or corporation can lawfully cut or use the timber cut upon the public lands, be they mineral lands or otherwise." *U. S.* v. *Eureka & P. R. Co.*, 40 Fed. Rep. 422; *Schulenberg* v. *Harriman*, 21 Wall. 44; *U. S.* v. *Cook*, 19 Wall. 591; *Spencer* v. *U. S.*, 10 Ct. Cl. 259; *Cotton* v. *U. S.*, 11 How. 229; *U. S.* v. *Gear*, 3 How. 120.

When the timber is once severed from the land, it ceases to be a part of the realty, and becomes personal property; but the title to the property is still in the United States, and the United States could replevy the lumber or timber wherever found; and if it could not be found, and the cutting was knowingly and unlawfully done, could recover the full value of the lumber or timber, with the enhanced value by reason of its manufacture, not only from the original trespasser, but from any third party in whose hands it may have passed. *Woodenware Co.* v. *U. S.*, 106 U. S. 432, 1 Sup. Ct. Rep. 398; *U. S.* v. *Scott*, 39 Fed. Rep. 901. See, also, *Hungerford* v. *Redford*, 29 Wis. 345; *McNarra* v. *Railway Co.*, and *Murphy* v. *Railroad Co.*, *supra*.

The very evidence which shows the possession proves the possession to be tortious, and plaintiffs' *prima facie* evidence is rebutted by showing absolute property in another. *Turley* v. *Tucker*, 6 Mo. 583; *Stephenson* v. *Little*, 10 Mich. 434; *U. S.* v. *Heilner*, 26 Fed. Rep. 80; *Winship* v. *Neale*, 10 Gray, 382; *Lindsay* v. *Railroad Co.*, *supra; Nesbitt* v. *Lumber Co.*, 21 Minn. 491; *U. S.* v. *Ball*, 31 Fed. Rep. 667; *U. S.* v. *Lane*, 19 Fed. Rep. 910; *U. S.* v. *Williams*, 18 Fed. Rep. 475; *Timber Cases*, 11 Fed. Rep. 81; *Bly* v. *U. S.*, 4 Dill. 464.

The defendants in error, having admitted that they cut the wood in controversy upon the public unsurveyed lands of the United States, and that they had not complied with the laws of the United States relative thereto, and had violated the rules and regulations prescribed by the secretary of the interior, under the act of congress of June 3, 1878, are compelled to trace their title through their own criminal acts. Under the act of congress, a violation of the rules and regulations of the secretary of the interior became a misdemeanor punishable by fine and imprisonment. Their violation of the rules and regulations of the secretary of the interior in force at that time rendered them liable to a prosecution for this offense. *U. S.* v. *Williams, supra.* They were therefore obliged to trace their title to the property in question through their own criminal acts.

In the case of *The Arrogante Barcelones*, 7 Wheat. 496, the court, in refusing to grant relief to the owner of a vessel which had been captured for a violation of the neutrality laws of the United States, condemned, sold, and eventually purchased by the wrongdoer, said: "Nor will courts of justice ever yield the *locus standi in judicio* to the suitor who is compelled to trace his title through his own criminal acts." This principle seems to be founded in justice, for the reason that courts would be reluctant to encourage wrongdoers in the violation of the law by extending to them the right to enforce their claims to property which they had obtained by their own criminal acts. In the case of *Dos Hermanos*, 2 Wheat. 76, the principle was laid down that, if a party attempts to impose upon the courts by knowingly or fraudulently claiming as his own property belonging to others, he will not be entitled to restitution of that portion which he may ultimately establish as his own.

The courts of the United States have repeatedly refused to enforce contracts founded on the violation of the law, and have held that the property acquired in violation of the law conveys no title. *Duncanson* v. *McLure*, 4 Dall. 308; *U. S.* v. *Lapene*, 17 Wall. 601; *Cutner* v. *U. S.*, Id. 517; *Montgomery* v. *U. S.*, 15 Wall. 395; *Desmare* v. *U. S.*, 93 U. S. 605; *Coppell* v. *Hall*, 7 Wall. 548.

*Wm. Wallace, Jr.*, and *Thos. C. Bach*, for defendants in error.

This action was one of trespass,—not only such in fact, but admittedly so regarded by defendant in the court below. It is purely and simply an action for injury to the possession, and therefore proof of property, either general or special, in addition to proof of possession, is utterly idle. While in actions

of replevin and ejectment, and sometimes in trover, the rule is different, it is because right is involved, and plaintiff in them must recover on the strength of his own title. *Lambert* v. *Stroother,* Willes, 221; *Graham* v. *Peat*, 1 East, 244; *Jeffries* v. *Railroad Co.*, 34 Eng. Law & Eq. 122; 2 Greenl. Ev. §§ 613, 618. Also note 2: "Possession alone is good as against one who has neither title nor possession." *Sweetland* v. *Stetson,* 115 Mass. 49.

While in an action of trespass, if plaintiff have not actual possession he may prove title, the object of so proving title is to establish possession constructively from title; while in trover and replevin the object of proving possession is to make a *prima facie* showing of right or title. 2 Greenl. Ev. §§ 614, 636; Abb. Tr. Ev. p. 629; *Kissam* v. *Roberts*, 6 Bosw. 163.

"But in respect to a proper action of trespass *de bonis asportatis* the authorities are consistent and overwhelming that possession is a sufficient title to the plaintiff in an action of trespass *vi et armis*, and defendant in such an action cannot set up property in a stranger. * * * If it were held that in an action of trover for the wrongful conversion of goods the defendant might show property in a third person, it would by no means follow that such a defense is admissible in trespass for a wrongful taking." To the same effect are *Hoyt* v. *Gelston*, 13 Johns. 151; *Cook* v. *Howard*, Id. 276, 284; *Aikin* v. *Buck*, 1 Wend. 466, 469; *Demick* v. *Chapman*, 11 Johns. 132; *Squire* v. *Hollenbeck*, 9 Pick. 551; *Hanmer* v. *Wilsey*, 17 Wend. 91; *Parker* v. *Hotchkiss*, 25 Conn. 321; *Todd* v. *Jackson*, 26 N. J. Law, 525; *Ashmore* v. *Hardy*, 7 Car. & P. 501; *Whittington* v. *Boxall*, 5 Q. B. 139; *Cary* v. *Holt*, 2 Strange, 1238; *Wustland* v. *Potterfield*, 9 W. Va. 438; *Craig* v. *Gilbreth*, 47 Me. 417; *Gilson* v. *Wood*, 20 Ill. 38; *Gardiner* v. *Thibodeau*, 14 La. Ann. 732; *Boston* v. *Neat*, 12 Mo. 125; *Crawford* v. *Bynum*, 7 Yerg. 381; *Fuller* v. *Bean*, 30 N. H. 181; *Golden Gate M. & M. Co.* v. *Joshua Hendy Mach. Works*, 82 Cal. 184, 23 Pac. Rep. 45; *Criner* v. *Pike*, 2 Head. 398; *Tarry* v. *Brown*, 34 Ala. 159; *Kemp* v. *Seely*, 47 Wis. 688, 3 N. W. Rep. 830.

In *Boston* v. *Neat*, 12 Mo. 125, NAPTON, J., says: "There was no question of title in the case, nor is title necessary to maintain trespass against a stranger to the title." We refer particularly to the latter case, because the opinion is written by the same judge as in the case of *Turley* v. *Tucker*, 6 Mo. 583, (trover,) cited by opposing counsel.

And we have enforced this distinction thus vigorously because opposing counsel have cited in their brief cases, indiscriminately, of trover, replevin, and ejectment, all utterly inapplicable to this case, and many of them, while enforcing a contrary rule, because of the form of action before them, expressly recognizing the distinction above made.

And even as to the action of trover, Mr. Greenleaf says: "But a lower degree of interest will sometimes suffice against a stranger, for a mere wrongdoer is not permitted to question the title of a person in the actual possession and custody of the goods whose possession he has wrongfully invaded." Section 637, p. 566. See, also, to same effect, as to action of trover, *Ward* v. *Wood Co.*, 13 Nev. 44; *Jeffries* v. *Railroad Co.*, 34 Eng. Law & Eq. 122; *Bartlett* v. *Hoyt*, 29 N. H. 319; *Burke* v. *Savage*, 13 Allen, 408; *Shaw* v. *Kaler*, 106 Mass. 448; *First Parish in Shrewsbury* v. *Smith*, 14 Pick. 297, 302; *Sutton* v. *Buck*, 2 Taunt. 302; *Duncan* v. *Spear*, 11 Wend. 54, 57; *Wincher* v. *Shrewsbury*, 2 Scam. 283; *Knapp* v. *Winchester*, 11 Vt. 354; *Harker* v. *Dement*, 9 Gil. 12; *Wilson* v. *Hinsley*, 13 Md. 64, 73.

The two cases from the United States supreme court cited on this contention, by opposing counsel, were cases of replevin; and in the latter the defendant connected himself with the true title,—utterly inapplicable, as we have shown, to the case at bar. Indeed, the second case (*Schulenberg* v. *Harriman*,) went up on a stipulation of facts, in effect, that "plaintiffs were in the quiet

and peaceable possession of the logs, and that such possession was conclusive evidence of title unless the defendant connected with the state." 21 Wall. 59.

The next contention is that the pleadings were so framed as to put us on proof of title. The complaint alleges the destruction of wood "belonging to plaintiffs." Defendant below not only denied that averment, but added a so-called denial that we owned the same. The cases cited by him are utterly inapplicable to this contention, they being all cases of ejectment, replevin, or trover, where right and title are necessarily involved, save one, in which, however, the defendant justified by connecting with the owner. Mr. Abbott has already been quoted as saying that an averment of title in this action would be satisfied by proof of possession alone, and that the issue, if joined, would be immaterial.

Where plaintiff alleged ownership, and could only prove possession good as against defendant, held sufficient. *Gilson* v. *Wood,* 20 Ill. 38; *Crawford* v. *Bynum,* 7 Yerg. 381; *Outcalt* v. *Durling,* 25 N. J. Law, 445, 447; *Criner* v. *Pike,* 2 Head. 398; *Kissam* v. *Roberts,* 6 Bosw. 154, 161, and cases cited; *Putnam* v. *Lewis,* 133 Mass. 264, 268; *Boston* v. *Neat, supra; Wincher* v. *Shrewsbury, supra; Reader* v. *Moody,* 3 Jones, (N. C.) 372; *Parker* v. *Hotchkiss,* 25 Conn. 321.

Even had the action been of a nature to require proof of title, defendant should have affirmatively pleaded title in a third person. *Kissam* v. *Roberts, supra,* and case cited; *Ashmore* v. *Hardy,* 7 Car. & P. 501; *Whittington* v. *Boxall,* 5 Q. B. 139; *Browne* v. *Dawson,* 12 Adol. & E. 624.

The proposition that, to give a right of action upon bare possession, the possession must be rightful, is true when applied to those actions where title must be shown and proof of possession is admissible as *prima facie* evidence of title, but is utterly false as applied to the present action. The language of KENYON, C. J., in case of trespass to realty, is that "any possession is a legal possession against a wrongdoer." 1 East. 244.

In a case of trover for wood cut on the public domain, HAWLEY, C. J., says: "We are of the opinion that appellants could not defeat a recovery of the wood by plaintiff by showing the title to the land to be in the government of the United States, unless they in some manner connected themselves with the government." *Ward* v. *Wood Co.,* 13 Nev. 44. Mr. Greenleaf's statement, a mere wrongful possession is sufficient to maintain trespass against a wrongdoer, we have already adverted to. 2 Greenl. Ev. § 618. See, also, *Boston* v. *Neat,* 12 Mo. 126; *Bartlett* v. *Hoyt,* 29 N. H. 319; *Burke* v. *Savage,* 13 Allen, 408; *Rollins* v. *Clay,* 33 Me. 132; *Fuller* v. *Bean,* 30 N. H. 181; *Criner* v. *Pike,* 2 Head, 398; *Wincher* v. *Shrewsbury,* 2 Scam. 283; *Boston* v. *Neat,* 12 Mo. 127; *Reader* v. *Moody,* 3 Jones, (N. C.) 372; *Golden Gate, M. & M. Co.* v. *Joshua Hendy Mach. Works,* 82 Cal. 184, 23 Pac. Rep. 45.

In *Dos Hermanos,* 2 Wheat. 76, (cited by defendant in its brief,) it is said: "It has been said that there is no evidence upon the record that the captain was duly commissioned, and that further proof ought to be required on this point. This, however, is a question which claimant has no right to litigate. He has no legal standing before the court to assert the rights of the United States."

Of cases cited by plaintiff in error, (its brief, p. 33,) six involve no wrongful possession; two are in trover; one false imprisonment and money had and received; while the remaining case (*Ransom* v. *State,* 22 Conn. 153) is emphatically our way, the court saying, (page 159:) "And therefore trespass may be maintained by the owner against the taker, although such possession of the latter is good as between him and any other person excepting the owner, as it is in every case where possession of goods is obtained tortiously."

Before McKenna and Gilbert, Circuit Judges, and Deady, District Judge.

Gilbert, Circuit Judge. This case comes on a writ of error to the circuit court of the United States for the district of Montana. The case was tried before a jury, and a judgment rendered against the railroad company for the sum of $21,487.83. The complaint alleged in substance that on or about August 5, 1890, while the railroad company was using and operating a railroad in Jefferson county, Mont., it failed to keep its right of way and railroad track free from dead grass, weeds, brush, and other combustible material, and used locomotives which threw a large amount of sparks, which fell upon the track and right of way, thereby setting fire to said dead grass, etc., which fire spread and destroyed 9,400 cords of wood belonging to said George S. Lewis *et al.* The railroad company answered, denying the allegations of negligence, and denied that it caused the fire or destroyed any wood belonging to the defendants in error. It further denied that said George S. Lewis *et al.* were the owners of the cord wood mentioned in the complaint, or that they had suffered any damage by any acts of the railroad company; and affirmatively alleged that the loss, if any, occurred through the negligence or carelessness of said defendants in error. There are many assignments of error, some of which are repetitions of substantially the same assignment. The more important of these, and those relied upon upon the argument, will be considered in the order in which they were presented.

It is claimed that the court erred in refusing to instruct the jury that the title or ownership of the wood destroyed was directly in issue, and that, in order to maintain the action, the plaintiffs must show that they were the owners of the wood, or that they had a special property therein. It appeared that the wood was cut upon the public lands of the United States, without authority or permission from the government. At the time it was destroyed it was piled upon the public lands near the company's railroad track. The defendants in error were hauling wood to the pile, and shipping wood to market by the company's road, at and prior to the time of the fire. The pile was in charge of a foreman, whose duty it was to rake and clear the ground around it for protection against fire. The court below instructed the jury that, as against defendant, the plaintiffs were the owners of said wood, although the same was cut from lands belonging to the United States. After a careful consideration of the numerous authorities cited, we are of the opinion that there was no error in giving this instruction, or in refusing to charge as requested by the plaintiff in error. This case comes within the general rule governing the action of trespass for injury to personal property. In such a case possession is *prima facie* evidence of right, and no stranger may disturb that possession without showing some authority or right from the true owner. The rule applies to the negligent destruction of property, as well as to its wrongful taking and asportation. The fact that the land on which the wood was cut was government land, and the

wood, when cut and sawed, still belonged to the United States, and the fact that the defendants in error may have been trespassers, can make no difference with the application of the rule. In such a case the defendant is not allowed to justify his own wrong by showing the plaintiff's wrong, and he is not allowed to question the title of plaintiff in possession, unless he connects himself with the true title.

Some cases are cited by plaintiff in error to sustain its contention that recovery cannot be had in favor of a trespasser upon the public lands. It will be observed that the decisions in those cases are expressly based upon the fact that the parties who brought the actions had not the actual possession, and, being trespassers under no claim of right, could not have the constructive possession of the property taken or destroyed. The case of *Turley* v. *Tucker*, 6 Mo. 583, was a case where logs had been cut and left upon the government land by the plaintiff. Subsequently the defendant appropriated the logs to his own use. The plaintiff's right to recover was denied, not because he had wrongfully cut the logs upon the public lands, but for the reason that he had no actual possession of the logs, and claimed no right to the land upon which they were cut. In the case of *Murphy* v. *Railroad Co.*, 55 Iowa, 473, 8 N. W. Rep. 320, the plaintiff had cut hay and stacked it upon the uninclosed prairie.. The hay was destroyed by fire through the defendant's negligence. Plaintiff was not in actual possession of the hay, and made no claim to any right in the land. It was held he could not recover. In the case of *Railway Co.* v. *Hecht*, 38 Ark. 357, it was said by the court that, in an action for the destruction of property, "an allegation of ownership is material;" but that statement, if it amounts to a denial of the doctrine that possession is *prima facie* evidence of ownership, must be regarded as *obiter*, for the pleadings in the case expressly admitted the plaintiff's ownership. The case before the court is distinguishable from these from the fact that the defendants in error were in the actual possession of the wood. The destruction was total. The amount to be recovered was not the value of the possession, or anything less than the full value of the property destroyed. *Kennedy* v. *Whitwell*, 4 Pick. 466; *Ingersoll* v. *Van Bokkelin*, 7 Cow. 670–681; *White* v. *Webb*, 15 Conn. 305.

It is assigned as error that the court permitted evidence of other fires set at other points on the road and at other times, and by other engines, and instructed the jury to take into consideration the fires so set in determining the question of negligence. The complaint did not designate the particular engines which were claimed to have caused the fire. The testimony, however, tended to show that the fire originated from one of two certain locomotives, and that these and other locomotives had set other fires both before and after the injury complained of. This evidence was clearly admissible, under the authority of the decision in the case of *Railroad Co.* v. *Richardson*, 91 U. S. 454, as "tending to prove the possibility, and consequent probability, that some locomotives caused the fire, and as tending to show a negligent habit of the officers and agents of the railroad company."

It is claimed that the court erred in permitting the defendants in error to prove that the right of way and the track at other points than that where the fire occurred were incumbered by dead grass and other combustible material. Comp. St. Mont. p. 830, reads as follows:

"Sec. 719. It shall be the duty of all railroad corporations or railroad companies operating any railroad within this territory to keep their railroad track, and either side thereof, for a distance on each side of the track or road-bed, so far as it passes through any portion of the territory of Montana, free from dead grass, weeds, or other dangerous or combustible material; and any railroad company or corporation so failing to keep their railroad track free and clear, as above specified, and each side thereof, shall be liable for any damages which may occur from fire emanating from operating the railroad; and a neglect to comply with the provisions of this chapter in keeping clear any railroad track, and either side, for a distance equal to the space of ground covered by the grant of the right of way of the railroad company, provided that the same does not exceed one hundred feet on each side of the roadbed, shall be *prima facie* evidence of negligence on the part of any railroad corporation so operating any railroad within the territory of Montana."

Witnesses were allowed to testify as to the condition of the track "all along up through there, at points opposite the camp." We do not think the inquiry took too wide a range. The investigation was sufficiently confined to the immediate neighborhood of the fire, and it is not perceived that the plaintiff in error could have been injured by it. There is another view under which this evidence was clearly proper. The fire started at bridge 71, half a mile from the wood pile. In the intervening space a second fire was started by the same train. The foreman who was fighting the first fire abandoned it for a time to extinguish the other. In the mean time the first fire increased and spread. It was proper to consider the condition of the track through the entire distance, as affecting the question of contributory negligence of defendants in error in their action in opposing the spread of the fires.

The instruction of the court upon the statute quoted above is assigned as error. The court said:

"It was made hereby the duty of the defendant to keep the railroad track and right of way, to the distance of 100 feet on each side of such track, free from dead grass, weeds, and other dangerous and combustible material, and the failure to do so was *prima facie* evidence of negligence on the part of the railroad company."

It is claimed that this instruction leaves out of consideration the question whether the combustible material left in the right of way was the means of communicating the fire. This instruction, so far as it goes, is a synopsis of the statute, and consequently a correct exposition of the law. The record discloses that the only exception taken to it was on the ground that there was no evidence to show the width of the right of way to have been 100 feet on each side of the center of the track, and that the width was a question of fact for the jury. If there were any error in the failure to charge further, as now claimed, it was waived by the plaintiff in error. *Mutual Life Co.* v. *Snyder,* 93 U. S. 396.

It is claimed that there was error in the instruction upon the subject of contributory negligence. The court charged the jury that it devolved upon the defendant to prove, by a preponderance of evidence, that the plaintiffs were guilty of contributory negligence. Plaintiff in error admits the correctness of this rule in ordinary cases, but contends that whenever the plaintiff, in making his case, shall have disclosed evidence of his own contributory negligence, the burden of proof is shifted, and it devolves upon him to show that his negligence was not of a character to bar his right of action. The evidence which it is claimed proved the plaintiffs' contributory negligence consisted in the fact that, upon the further side of the wood pile, and extending towards the timber, the plaintiffs had failed to clear the brush and combustible material out of an open draw, through which draw the fire, after reaching the timber, was communicated to the wood. We cannot see in this omission any evidence of contributory negligence. The law did not impose upon the defendants in error the duty of clearing the ground around their wood pile. As a matter of precaution, they had cleared away inflammable material at all points where they anticipated danger of the approach of fire, and there was nothing in their failure to clear the draw which would shift the burden of proof. *Coasting Co. v. Tolson*, 139 U. S. 557, 11 Sup. Ct. Rep. 653.

The instruction of the court upon the subject of intervening cause is assigned as error. The evidence was that at the beginning of the fire the wind was from the south, and served to blow the fire away from the road; subsequently it shifted to the north, a change which was usual at that time of the year. There is no evidence of a change in the intensity of the wind. The court charged the jury as follows: "It is claimed the rise and change of the wind should be classed as an intervening cause, but I must state to you that I think it should not be so considered." It is contended that the jury should have been allowed to determine whether the change in the wind was an intervening cause. No authority has been cited which supports this contention. It is only the occurrence of a heavy and extraordinary wind that has in certain cases been held to be an intervening cause. A simple, and not unusual, change in the direction of the wind cannot be said to disturb the unbroken connection between the wrongful act and the injury, and hence is not an intervening cause. The jury were properly so instructed.

The judgment is affirmed.