# MARTH v. KINGFISHER COMMERCIAL CLUB et al.

### No. 3850.  Opinion Filed November 10, 1914.

### Rehearing Denied December 22, 1914.

### (144 Pac. 1047.)

1.  **APPEAL AND ERROR—"Law of the Case"—Decision on Former Appeal—Grounds for Reversal—Refusal of Instruction.** The law as declared in a former appeal, where there is no material difference in the evidence or questions presented, is the "law of the case" during the subsequent trial or appeal. The refusal of an instruction embracing the law as declared in such former appeal constitutes reversible error.

2.  **NEGLIGENCE—Action for Personal Injuries—Contributory Negligence—Burden of Proof—Refusal of Instructions.** In an action for personal injury, where the defendants allege that plaintiff was guilty of contributory negligence and plaintiff's evidence shows the defendants guilty of negligence, with nothing in the circumstances establishing contributory negligence on his part, it is error for the court to refuse to instruct the jury that the burden of proving contributory negligence is on the defendants.

3.  **MUNICIPAL CORPORATIONS—Streets—Injury to Traveler—Instructions.** Where the court instructs the jury that those defendants who devised means to raise money for a celebration for a Fourth of July, and outlined the program which was advertised in the papers to secure the attendance of a crowd at such celebration, would not be liable for injury to the plaintiff in the absence of proof to connect them with the race itself on the day of the injury, and that only those so proved to be connected with it on such day would be liable, **held,** that such instruction was prejudicial to the plaintiff. The court should have instructed the jury under the facts in this case that the Commercial Club and its codefendants, at whose instance and under whose supervision the race was promoted and conducted, were liable to a traveler upon such street, who without fault on his part was struck and injured by one of the horses in the race, if at such time said defendants were the promoters of and had knowledge that the race in question was to be conducted as a part of the program.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Kingfisher County;*

*James B. Cullison, Judge.*

Action by Franz F. Marth against the Kingfisher Commercial Club and others. Judgment for defendants; and plaintiff brings error. Reversed and remanded.

*M. W. Hinch,* for plaintiff in error.

*F. L. Boynton* and *Geo. L. Bowman,* for defendants in error.

Opinion by RITTENHOUSE, C. This action was brought against the Kingfisher Commercial Club, a corporation, David Weinburger, A. E. Bracken, Elmer Solomon, H. T. Davis, and George H. Laing, by Franz F. Marth, to recover damages for personal injuries. It is alleged in plaintiff's petition that the Kingfisher Commercial Club is a private corporation, organized under the laws of Oklahoma, and that the other defendants are the duly authorized officers, agents, and representatives of said Commercial Club. It is further alleged that the object and purpose of said Commercial Club was to build up and encourage trade and commerce from the territory tributary to the city of Kingfisher; that shortly prior to the 4th day of July, 1905, the Commercial Club, through its representatives, officers, and agents, duly elected and appointed, instituted a movement to celebrate the 4th of July; that the purpose for which said celebration was made was to build up trade and commerce for the said city of Kingfisher, and that the codefendants of said Commercial Club were the duly authorized agents and representatives of said club in arranging and carrying out the celebration; that said celebration was advertised very extensively, and an invitation was extended to the public generally to attend the same; that the principal business thoroughfare of said city is commonly known as Main street; that the defendants inclosed a portion of said street by stretching ropes across the same and across the streets and avenues that intersected the same, and that such arrangement of said street was made for the object and purpose of conducting within said inclosure a horse race; that on said day and during the celebration the Commercial Club, through its officers and agents, placed several wild

and half broken horses within the inclosed portion of said streets in charge of small boys, who were unable to control them, and the plaintiff coming over said intersecting street upon Main street, in company with his wife and children in a two-horse carriage just at the time said horses were being run down the street, his carriage was struck by one of said horses and over-turned, and he and his family thrown from said carriage upon the ground, by which fall plaintiff was injured; that said injury occurred without any fault on his part. Trial was had and re-sulted in a judgment for the defendants, and the cause brought here for review.

This action was formerly before this court in the case of *Marth v. City of Kingfisher et al.*, 22 Okla. 602, 98 Pac. 436, 18 L. R. A. (N. S.) 1238, and in that case it was held that the racing of wild and unbroken horses upon the streets of a city where great crowds are assembled, and where such horses are placed in charge of small boys who are unable to control them, is such a dangerous and illegal use of the streets as to render the person conducting such race liable to travelers upon the street who, without fault upon their part, receive injuries from one of the horses running against or over them.

At the trial of the instant case, the plaintiff requested the court to instruct the jury as follows:

"The racing of * * * horses, some five or six in number, upon the streets of a city, where great crowds of people are assembled and where such horses are placed in charge of small boys who are unable to control them, is such a danger-ous and illegal use of the streets as would render the person conducting such race liable to a traveler upon such street who, without fault on his part, receives injuries from one of the horses running against or over him."

This requested instruction is substantially the law. as de-clared by this court in the former appeal. The refusal of this instruction is assigned as error.

It is a well-established rule in this state that the law as declared in a former appeal, where there is no material difference in the evidence or question presented, is the law of the case during the subsequent trial or appeal. *Harding v. Gillett et al.,* 25 Okla. 99, 107 Pac. 665; *Metropolitan Ry. Co. v. Fonville,* 36 Okla. 76, 125 Pac. 1125; *Mehlin v. Superior Oil & Gas Co.,* 39 Okla. 565, 136 Pac. 581; *Oklahoma City Electric, Gas & Power Co. v. Baumhoff,* 21 Okla. 503, 96 Pac. 758; *A., T. & S. F. Ry. Co. v. Baker,* 37 Okla. 48, 130 Pac. 577; *U. S. v. New York Indians,* 173 U. S. 464, 19 Sup. Ct. 464, 43 L. Ed. 769; *U. S. v. Camou,* 184 U. S. 572, 22 Sup. Ct. 515, 46 L. Ed. 694; *People v. Illinois C. Ry. Co.,* 184 U. S. 77, 22 Sup. Ct. 300, 4 L. Ed. 440. The refusal to give this instruction was not cured by the fact that certain elements of the instruction were incorporated in instruction No. 4, as instruction No. 4 so modified and qualified the law as announced in the former opinion by this court as to render the instruction valueless.

It is alleged as a defense to plaintiff's cause of action that the plaintiff was guilty of contributory negligence. Plaintiff requested the court to instruct the jury that the burden of proof was upon the defendants to prove that the plaintiff was guilty of contributory negligence. This the court refused to do. An examination of the evidence offered by the plaintiff discloses that there was nothing in such evidence which established or tended to establish that the plaintiff was guilty of contributory negligence. Contributory negligence is a special defense and must be affirmatively alleged and proved by the defendant, and the existence of such contributory negligence must be established by a preponderance of the evidence. It is said in *City of Oklahoma City v. Reed,* 17 Okla. 518, 87 Pac. 645:

"In an action against a municipal corporation for personal injuries, there is no presumption that the plaintiff or defendant is guilty of negligence, and in order to entitle the plaintiff to recover it is sufficient for him to show that the defendant was guilty of negligence, with nothing in the circumstances establishing contributory negligence on his part; and when such facts

are proven it devolves upon the defendant to prove affirmatively that the plaintiff was guilty of contributory negligence."

And this case was approved in *Town of Fairfax v. Giraud,* 35 Okla. 659, 131 Pac. 159. See, also, Thompson on Negligence, sec 417; Wharton on Negligence, sec. 423; Amer. & Eng. Enc. of Law, vol. 7, p. 455; *Eddy v. Wallace,* 49 Fed. 801, 1 C. C. A. 435; *Northern Pac. R. Co. v. Lewis,* 51 Fed. 658, 2 C. C. A. 446; *Indianapolis, etc., Ry. Co. v. Horst,* 93 U. S. 291, 23 L. Ed. 898; *I. & S. Coasting Co. v. Tolson,* 139 U. S. 557, 11 Sup. Ct. 653, 35 L. Ed. 270; *Washington & G. R. Co. v. Gladmoin,* 82 U. S. (15 Wall.) 401, 21 L. Ed. 114; *Hough v. T. & P. Ry .Co.,* 100 U. S. 213, 25 L. Ed. 612; *St. L. & S. F. Ry. Co. v. Weaver,* 35 Kan. 412, 11 Pac. 408, 57 Am. Rep. 176; *Gordon v. Richmond,* 83 Va. 436, 2 S. E. 727; *Watertown v. Greaves,* 112 Fed. 183, 50 C. C. A. 172, 56 L. R. A. 865; *Lerner v. City of Philadelphia,* 21 L. R. A. (N. S.) 674, note.

The defendants having put in. issue the defense of contributory negligence, the plaintiff was entitled to have the court say upon whom the burden of proof rested in order that the jury might not be misled into believing that the burden of proof was upon the plaintiff to affirmatively show the absence of such negligence on his part. The burden of alleging and proving contributory negligence being incumbent upon the defendants, it was reversible error to refuse to so instruct the jury.

Instruction No. 11 reads:

"The fact that all of the defendants were appointed a committee by the Commercial Club, if such be the case, and that they met and devised means to raise money for a celebration of the Fourth of July and outlined a program, which was advertised in the papers to secure the attendance of crowds, would not be sufficient to make them liable for plaintiff's injuries, in the absence of proof to connect them with the race itself on the day of the injury; and you must find from a preponderance of the evidence that such was the case in order to hold them liable, and only those so proved to be connected with it would be liable. If on the day of the race some other persons con-

ducted the same, whether officers of the day or others, and that the defendants had nothing to do therewith, then they or those so having nothing to do therewith would not be liable, if under the law as given elsewhere any of them would be liable."

It is contended that this instruction takes from the jury the question of the liability of the Commercial Club, and its codefendants, unless they were actually present and participated directly in the race itself, independent of any connection the Commercial Club and its codefendants might have had in putting in motion the things which caused the injury by the selection of the program, raising of the money to hold the celebration, advertisement of the same in the paper, and the employment of the marshal of the day who had actual charge of the race. This instruction is not a correct statement of the law as declared in *Marth v. City of Kingfisher, supra,* wherein the court held that:

"The provisions of the charter of the Commercial Club are not set out in the petition, but it is alleged that the purposes and objects of such corporation were and are 'to build up and encourage trade, business and commerce and to draw trade from the territory tributary to said city.' The officers and agents of the defendant Commercial Club were acting within the scope of the powers of the Commercial Club when they were conducting the public celebration for the purpose of attracting people to the city, thereby encouraging them to trade with the merchants of the city, and such Commercial Club is liable for such tort of its officers and agents committed while in the discharge of such duty or work, and such officers and agents are personally liable for their own acts."

Where it is shown that the Commercial Club and its codefendants arranged the program, and had knowledge that this particular race was a part of such program, raised the money with which to conduct such program, advertised the same in the local papers in order to build up and encourage trade, business and commerce, and to draw trade from the territory tributary to said city, and selected the parties who conducted the race, thereby putting in motion the things which caused the injury, such Commercial Club is liable for such tort of its officers and·

agents participating in the arrangement of the program, with the knowledge that this particular race was a part thereof, and it is not necessary, in order to hold the Commercial Club and its codefendants liable, that they should have been more immediately connected with the race itself on the day of the injury, if they, as promoters, participated in the arrangement of such pro-gram, and they would be liable for such torts as were committed in the carrying out of such program to a traveler upon the streets of such city, who, without fault on his part, is struck and injured by one of the horses in the race, and the court should have so instructed the jury. .

The cause should, therefore, be reversed and remanded for a new trial.

By the Court: It is so ordered.